

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Rachel Strom**
(212) 402-4079 tel
(212) 489-8340 fax

rachelstrom@dwt.com

August 14, 2019

<u>**VIA ECF**</u>

**Honorable Lorna G. Schofield, U.S.D.J.**
**United States District Court for the Southern District of New York**
**Thurgood Marshall United States Courthouse**
**40 Foley Square Courtroom 1106**
**New York, NY 10007**

Re:     *Wisser v. Vox Media, Inc.*
          Docket No. 1:19-cv-1445-LGS

Dear Judge Schofield:

        Pursuant to the Court's Individual Rule III.A.1, Defendant Vox Media, Inc. ("Vox Media") requests a pre-motion conference for August 26, 2019, or at a date and time to be set by this Court, to move for an order compelling Plaintiff William Wisser ("Plaintiff"), and/or his law firm, to post a bond in order to proceed with the present action. In the alternative, Vox Media requests that this Court grant the requested relief following Plaintiff's five-day period to respond.[1]

        As detailed below, a bond in this matter is appropriate given Plaintiff's refusal of Vox Media's Offer of Judgment, which is many times greater than any potential judgment in this matter as well as Plaintiff's counsel's (Mr. Richard Liebowitz) history of unreasonable litigation strategies designed to inflict unnecessary additional costs to defendants such as Vox Media. Courts deciding whether to require a party to post a bond under Local Civil Rule 54.2 have considered the following factors: (1) the financial condition and ability to pay of the party at issue; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders. *Cruz v. Am. Broad. Cos., Inc.*, No. 17-cv-8794 (LAK), 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017) (ordering Mr. Liebowitz to show cause why the Court should not enter a bond). "[C]ourts in this District frequently consider [only the fifth and sixth factors] in copyright cases of this type." *Rice v. Musee Lingerie, LLC*, No. 18-CV-9130 (AJN), 2019 WL 2865210, at *4 (S.D.N.Y. July 3, 2019). These factors weigh heavily in favor of granting a bond here.

        *First*, looking at the legal costs to be incurred, it is likely that Plaintiff will be required to pay Vox Media's legal fees in this action. This case is a simple copyright action over the use of a single photograph of a plate of oysters at a Miami restaurant. Thus, pursuant to Fed. R. Civ. 68, and in the interest of a cost-efficient resolution of this case, Vox Media made an Offer of Judgment

---

[1] *See* Individual Rule III.A.1; Local Civ. R. 54.2 ("The court, on motion or on its own initiative, may order any party to file an original bond for costs . . . in such an amount ... as it may designate.").

to resolve this case for approximately twenty-five times Plaintiff's licensing fee for the precise photograph at issue in this suit. Plaintiff's counsel never responded to the Offer, implicitly rejecting it. Plaintiff's counsel has also refused to even respond to other reasonable settlement offers, claiming instead he "wants to take this one to a judgment." Whether measured by Plaintiff's typical licensing fee or by Plaintiff's proposed rate for the photograph at issue here, Vox Media's Offer of Judgment represents considerably more than this District's standard award of three to five times the license fee for a work. *See, e.g.*, *FameFlynet, Inc.v. Shoshanna Collection, LLC*, 282 F. Supp. 3d 618,627 (S.D.N.Y. 2017) (courts in this Circuit "commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid"). And "when the plaintiff [in a copyright action] recovers less than the defendant's formal offer of judgment [under] Rule 68 [of the Federal Rules of Civil Procedure,] *requires* an award to defendant of its fees incurred after that offer." *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007) (emphasis added; citation omitted). *See also Rice*, 2019 WL 2865210, at *3 (ordering bond in similar case with Mr. Liebowitz where Offer of Judgment exceed "three to five times the license fee for a work" as Plaintiff may be required to pay defendant's costs and attorneys' fees). Thus here, even if Plaintiff prevailed on its claim, Vox Media's allegedly unlicensed use of a single photograph is unlikely to create liability of over **25 times** more than Plaintiff's standard fee—meaning Plaintiff may be required to pay Vox Media's costs and attorneys' fees in this action. As detailed below, those fees may be significant—due in part to Plaintiff's obstructionist tactics.

***Second***, as part of his ploy to coerce unreasonable settlements, Plaintiff's counsel has forced expensive out-of-state discovery, violated court-ordered discovery deadlines,[2] and imposed significant unnecessary costs on Vox Media with his unreasonable tactics. As this Court is likely aware, this obstructionism is hardly new—in fact, it is part of opposing counsel's business plan. Plaintiff's counsel "Richard Liebowitz . . . is a known copyright 'troll'" who has filed hundreds of cases in the last few years, *see McDermott v. Monday, LLC*, No. 17 Civ. 9230 (DLC), 2018 WL 1033240, at *3, with a penchant to "irresponsibly litigate[]." *Reynolds v. Hearst Commc'ns, Inc.*, No. 1 7CV6720 (DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018). He "plays a numbers game in which [he] targets hundreds or thousands of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim." *McDermott*, 2018 WL 1033240, at *3 n.4 (quotation omitted)). "Indeed, it is no exaggeration to say that there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone." *Rice v. NBCUniversal Media, LLC*, No. 19-CV-447 (JMF), 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019) (granting sanctions).

Accordingly, many courts have granted bond motions (and sanctions) against Mr. Liebowitz for the same unrepentant tactics he displays here—even "relying solely on plaintiff's counsel's record." *Leibowitz v. Galore Media, Inc.*, No. 18CIV2626RAHBP, 2018 WL 4519208, at *5 (S.D.N.Y. Sept. 20, 2018). *See, e.g. McDermott*, 2018 WL 5312903, at *2-3 ("Multiple courts, on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be

---

[2] Pursuant to this Court's order, Dkt. 15 ¶ 8, the parties were due to produce documents by June 23, 2019, but Plaintiff did not do so. *See also* Dkt. 18 (Joint Status Letter: "As of this [June 14, 2019] letter, Plaintiff has still failed to produce any documents pursuant to the Court's Case Management Plan and Scheduling Order.").

required to post security for costs as a condition of proceeding further with an action") (citing cases); *Craig v. UMG Recordings, Inc.*, No. 16-CV-5439 (JPO), 2019 WL 1432929, at *10 (S.D.N.Y. Mar. 29, 2019) (sanctions); *Steeger v. JMS Cleaning Servs., LLC*, No. 17-CV-8013 (DLC), 2018 WL 1363497, at *3 (S.D.N.Y. March 15, 2018) (sanctions).

*Additionally,* a bond is necessary because Plaintiff is unlikely to able to afford to pay for Vox Media's fees and to deter further abuse of the discovery process by opposing counsel. Already, Vox Media's counsel has had to engage in repeated correspondence with Mr. Liebowitz to obtain even basic discovery it is owed. When production did occur—in violation of the deadline set in this Court's April 9 Order (Dkt. 15) and only after threats of motions to compel— it was wholly deficient and consisted almost entirely of public documents and *one* unrelated invoice. Plaintiff's subsequent production—also obtained only after multiple conferences and threats of motions to compel—has also been blatantly deficient, consisting of incomplete emails and unresponsive documents. All of Plaintiff's delays required Vox Media to seek Plaintiff's consent to an extension of the discovery deadlines—lest Vox Media be forced to defend itself without adequate discovery. *See* Dkt. 19.

Despite his own failure to comply with discovery requirements, however, Mr. Liebowitz is taking a deposition of a witness in Florida (which he will take only by video), causing Vox Media to incur additional significant travel costs and attorneys' fees to prepare the witness and defense the deposition. Because these costs would have been unnecessary had Plaintiff accepted Vox Media's original offer, they weigh heavily in favor of granting a bond.

Like other parties to litigate against Plaintiff's counsel, this request is not new or lightly pursued. And it comes only because of Mr. Liebowitz's unreasonable tactics in this suit that are clearly designed to force Vox Media to incur significant unnecessary legal fees in defending itself. Because Vox Media is likely to be the prevailing party for purposes of fee shifting, irrespective of its additional defenses on the merits, it requests this Court to order a bond in the amount of $45,000—which will not even cover the costs of discovery let alone summary judgment briefing— in order to deter additional misconduct and assure Vox will not be forced to bear the costs of Mr. Liebowitz's gamesmanship. Vox Media thanks the Court for its consideration of this matter.

Dated: New York, New York
     August 14, 2019

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____ */s/ Rachel F. Strom* _____
    Rachel F. Strom
    1251 Avenue of the Americas, 21st Floor
    New York, NY 10020-1104
    (212) 489-8230 Phone
    rachelstrom@dwt.com
    *Attorney for Defendant Vox Media, Inc.*