

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Rachel Strom**
(212) 402-4079 tel
(212) 489-8340 fax

rachelstrom@dwt.com

**VIA ECF**
**Honorable Lorna G. Schofield, U.S.D.J.**
**United States District Court for the Southern District of New York**
**Thurgood Marshall United States Courthouse**
**40 Foley Square Courtroom 1106**
**New York, NY 10007**

Re:   *Wisser v. Vox Media, Inc.*
       Docket No. 1:19-cv-1445-LGS

Dear Judge Schofield:

   Pursuant to the Court's Individual Rules III.A.1 and III.C.3, Defendant Vox Media, Inc. ("Vox Media") regrettably requests yet another pre-motion conference at a date and time to be set by this Court, to move for an order awarding sanctions against Plaintiff William Wisser ("Plaintiff"), and/or his law firm for forging Plaintiff's signature on Plaintiff's verified interrogatory responses, which Plaintiffs admits he never signed or saw and were in fact false. Contrary to opposing counsel's positon at the parties' meet and confer, knowingly forging a client's signature on an interrogatory response is not a "technical knick-knack."  It is fraud.[1]  For that conduct and the other violations outlined below, Vox Media now seeks sanctions.

   Plaintiff's deposition was taken the day after Vox Media last requested a pre-motion conference related to a bond.  *See* Dkt. 22.  During that deposition, Mr. Wisser confirmed that (1) the signature on his interrogatory response verification page was not his (although it purports to be), (2) he had not seen the interrogatories or responses before, (3) he had not provided the information in the responses, (4) the responses were incomplete, (5) his document production was delayed was because his lawyers did not even ask him to look for relevant documents until last month.  For this egregious conduct, and for other violations outlined below, Vox Media requests sanctions under Federal Rules of Civil Procedure (the "Rules") 16(f), 26(g), 37(a), (b), and (d), 28 U.S.C. § 1927, and this Court's inherent authority, including, but not limited to, costs and fees.

   As previously noted, this is hardly the first time Plaintiff's counsel, Mr. Richard Liebowitz, has been subject to a sanctions motion.  "Indeed, it is no exaggeration to say that there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone."  *Rice v. NBCUniversal Media, LLC*, 2019 WL 3000808, *1 (S.D.N.Y. 2019) (citing cases).  In the past, "Mr. Liebowitz has … been sanctioned for failing to comply with court orders and for failing to produce materials during discovery."  *McDermott v. Monday Monday,*

---

[1] As required, Vox Media met and conferred with opposing counsel.  Rule 33(b)(3) and (5) explicitly state that the answers are to be signed "under oath," and any signing purporting to be another would technically be fraud (not a knick-knack).  Furthermore, counsel asserted that the updated responses, which includes their client's actual signature, cures any prejudice.  To the contrary, providing information only after it is revealed in a deposition does not cure the obvious deficiencies in Plaintiff's original responses as Vox Media was unable to depose Plaintiff about this new information, it entirely undercuts the reason for any original discovery order, and it further casts doubt on *all of Plaintiff's discovery responses and production*.

*LLC*, 2018 WL 5312903, *2 (S.D.N.Y. 2018) (collecting cases and citing *Ferdman v. CBS Interactive, Inc.*, 2018 WL 4572241 (S.D.N.Y. 2018)).  And sanctions are expressly permitted or even required where (1) a party "fails to obey a scheduling or other pretrial order," Rule 16(f)(1)(C), (2) a party's attorney "violates th[e signing and certification] rule without substantial justification," Rule 26(g)(3), (3) a party "fails to serve its answers, objections, or written response" to interrogatory requests, Rules 37(d)(1)(A)(ii); 37(a)(4) ("[A]n evasive or incomplete … response must be treated as a failure to … or respond."), or (4) a party's attorney "so multiplies the proceedings in any case unreasonably and vexatiously[,]" 28 U.S.C. § 1927.[2]  As shown below, Plaintiff's counsel has violated the Rules and the Court's scheduling Order, knowingly served fraudulent and deficient discovery responses, and unreasonably multiplied the costs associated with this case.  While Vox Media understands a hearing may be appropriate here, sanctions are unquestionably required.

*First*, Plaintiff's counsel should be sanctioned for forging Plaintiff's signature on the interrogatory verification and for serving responses Plaintiff had not seen.  *See Scholastic, Inc. v. Stouffer*, 221 F. Supp. 2d 425, 440–45 (S.D.N.Y. 2002) (sanctioning party's submission of falsified evidence and untruthful testimony in support of copyright infringement counterclaim).  During Plaintiff's August 15 deposition, the full extent of Plaintiff's deficient and fraudulently-served responses came to light.  While asking routine questions regarding Plaintiff's sworn responses, Mr. Wisser appeared confused and stated that he had never seen the interrogatory responses, that it was not his signature on Plaintiff's Verification page, that he did not even know "what th[e] document is," and that he had never seen the document purporting to be signed by him under oath.[3]

*Second,* sanctions are warranted for serving false and incomplete interrogatory responses.  For example, Vox Media's First Interrogatory requested "all . . . entities you believe have infringed upon you . . . rights in this Photograph," to which Plaintiff's original response only indicated Vox Media.  But during deposition testimony, Plaintiff confirmed the original response was false—his attorney had initiated a different lawsuit against a different party based on the same exact photograph at issue here months before Plaintiff's interrogatory responses were served in this case.[4]  As another example, Plaintiff's original response to Vox Media's Interrogatory 4 indicated that Plaintiff only offered the Photograph at issue to one entity, however, subsequent production on July 18 showed that Plaintiff had attempted to license the Photograph to others as early as 2016.

*Third,* Plaintiff's counsel should be sanctioned for violating the Court's April 9, 2019 Civil Case Management Plan and Scheduling Order (the "Order"), Dkt. 15.  *See Rice,* 2019 WL 3000808, *3 (sanctioning Mr. Liebowitz for his "fail[ure] to obey a scheduling or other pretrial order").  Vox Media served its Interrogatories and Requests for Production on April 26, and Plaintiff was required to return his responses to those requests by May 27, *see* Rule 33(b)(2), with

---

[2] The Court has discretion to order a number of sanctions, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses," Rule 37(b)(2)(ii), or dismissing the action, Rule 37(b)(2)(v), but "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees," Rule 37(d)(3).  *See also* Rule 26(g) (*requiring* sanction, which may include fees); 28 U.S.C. § 1927 (attorney may be required to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred" due to misconduct).

[3] William Wisser Deposition Transcript ("Wisser Dep.") 80:2–81:11, available for the Court convenience prior to or during the pre-motion conference.

[4] Wisser Dep. 84:9–87:14.  *See also id.* at 89:6–17 (verifying that the response to Interrogatory 4 was incorrect and incomplete).

responsive documents by the Court-ordered deadline of June 23, Dkt. 15 ¶ 8.  On June 7 (pursuant to an extension), Plaintiff's counsel served both responses, along with "Plaintiff's Verification" page purportedly signed under oath by Mr. Wisser.  *See* Rule 33(b)(3) ("Each interrogatory must . . . be answered separately and fully in writing under oath.").  By the parties' June 14 Joint Letter, Plaintiff's counsel assured the Court that it would start producing documents "within the next three business days."  *See* Dkt. 18 at 1.  Both that deadline and the Court's June 23-ordered deadline passed, without any correspondence or production from Plaintiff.  Plaintiff's document production did not come until June 26—after being threatened with a motion to compel, nearly 10 days after their own promised deadline, and 3 days after the Court's deadline.  Importantly, the production consisted entirely of publicly-obtained documents (including Vox Media's Wikipedia page) and a single invoice from Plaintiff to an unrelated photo, despite having taken almost 10 days longer than promised to produce these documents.  In fact, at Plaintiff's deposition, Plaintiff confirmed that his counsel did not even ask him to look for responsive documents until last month, Wisser Dep. 59:17–60:3—three months after being requested, a month after this Court ordered documents to be produced, and a month after counsel's unilateral inadequate production of public documents.  *See Rosehoff, Ltd. v. Truscott Terrace Holdings LLC*, 2016 WL 2640351, *6 (W.D.N.Y. 2016) (awarding fees and granting motion to compel because "[c]ounsel . . . had a duty to facilitate full disclosure and production by" his client); *In re Hurricane Sandy Cases*, 303 F.R.D. 17, 28 (E.D.N.Y. 2014) (ordering sanctions, costs and fees, and motion to compel because merely asking for a file "did not satisfy counsel's obligations").  Immediately following Plaintiff's deposition, Plaintiff's counsel attempted to rectify their prior fraudulently-served interrogatory responses with new "amended" responses.  These new responses, complete with a different signature for Mr. Wisser's verification page, merely confirm the deficiency of Plaintiff's original responses.  All of the "new" information in the responses was long known to Plaintiff and his counsel.  There is no excuse for serving such false responses—complete with a forged signature—in the first place.

Given Mr. Liebowitz past and present violations of this Court's orders and the Rules, Vox Media requests that the Court sanction Mr. Liebowitz and his firm.  As to form of sanctions, Vox Media requests, at least, (1) any monetary sanctions the Court deems appropriate to deter future misconduct by Plaintiff's counsel, (2) its costs and fees in having to bring this motion, (3) its costs and fees in preparing its discovery requests, and (4) an order compelling Plaintiff's appearance at a second deposition to permit Vox Media to inquire about the supplemental responses and newly-divulged information, together with any other sanction this Court deems appropriate, up to dismissal of this suit.  Like the previously-requested bond, these sanctions are appropriate and intended to ensure that Vox Media is not further prejudiced by Mr. Liebowitz's improper conduct by having to pay significant costs to obtain basic discovery or forego supporting its own defenses.

Vox Media thanks the Court for its consideration of this matter and welcomes the opportunity for a hearing on this matter.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: ___/s/ Rachel F. Strom___
   Rachel F. Strom

*Attorney for Defendant Vox Media, Inc.*