# Liebowitz Law Firm, PLLC
ATTORNEYS FOR THE PHOTOGRAPHIC ARTS

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

August 22, 2019

<u>VIA ECF</u>

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1106
New York, NY 10007

Re: <u>Wisser v. Vox Media, Inc</u>., 1:19-cv-01445 (LGS)

Dear Judge Schofield:

We represent Plaintiff Bill Wisser ("Plaintiff") in the above-captioned case and write in opposition to Defendant Vox Media, Inc. ("Defendant")'s motion for a bond under L.R. 54.2.

## Background

Plaintiff is a professional Miami-based photographer who earns a living by creating and licensing his photographs. Plaintiff created a photograph of a delectable dish of roasted oysters (the "Photograph"). He then licensed the Photograph to *Miami New Times*. Subsequent thereto, Defendant expropriated the Photograph from the Facebook account of Ariete restaurant and republished it on Defendant's commercial website without Plaintiff's consent. Defendant has failed to assert any colorable defenses to liability. For example, it has failed to produce a license and has not claimed fair use or safe harbor. Instead, Defendant seeks to mitigate the amount of statutory damages and attorneys' fees to be awarded to Plaintiff.

**Point I:** **Given that Plaintiff's Copyright Infringement Claim is Plainly Meritorious, L.R. 54.2 Should Not be Invoked as a "Pay to Play" Device**

The Second Circuit recognizes that the merits of the claim are a factor to consider when applying L.R. 54.2. *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08 CIV. 01533, 2010 WL 3452375, at *2 (S.D.N.Y. Sept. 1, 2010). Plaintiff respectfully avers that the merits of the claim are a <u>threshold factor</u> because bond motions impact Plaintiff's constitutional right to be heard as well as the public interest in securing intellectual property rights.

"A construction of a local rule that creates a conflict with a federal rule should be avoided." *United States v. White*, 980 F.2d 836, 844 (2d Cir. 1992). As such, L.R. 54.2 should not be applied in a manner which conflicts with Plaintiff's constitutional or statutory rights. "Among other rights essential to freedom, the First Amendment protects 'the right of the people . . . to petition the Government for a redress of grievances.' U.S. Const., Amdt. 1." *Borough of*





*Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 382 (2011) (Kennedy, J.). "[T]he right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government." *Sure–Tan, Inc. v. NLRB*, 467 U.S. 883, 896–897 (1984). Of course, the First Amendment does not protect all speech, such as false advertising or defamation. A fortiori, the First Amendment's protections do not extend to the filing of frivolous lawsuits. *See Bill Johnson's Restaurants, Inc. v. N.L.R.B.,* 461 U.S. 731, 743 (1983)) ("there is no First Amendment right to 'baseless litigation[.]'")

Given that the First Amendment grants Plaintiff the right to access courts in order to enforce his registered copyrights, it must be the case that <u>only</u> a court's finding of frivolity can impede that access. Courts in this District have outright denied requests for bonds where the plaintiff's claims were found to be colorable. *See Newton v. The Walt Disney Company, et al.*, 1:19-cv-02872 (VM) (Dkt. # 26, dated 7/1/19) (denying request for bond and stating "[t]he Court is persuaded that the Amended Complaint raises substantial issues of fact likely to be in dispute, as well as matters of visual perception about which reasonable people may differ."); *Martinka v. New Tang Dynasty Television, Inc.*, 1:19-cv-05170 (JMF) (Dkt. # 18, 7/23/19) ["the Court declines Defendant's request to require the posting of a bond. In particular, although the Court reserves judgment pending a decision on Defendant's motion to dismiss, it is not persuaded that Defendant is likely to prevail (let alone at the motion-to-dismiss stage) on its claim of fair use"]. These cases mark the correct judicial approach to bond motions, which is that meritorious infringement claims should not be financially impeded by application of a local rule.

Here, Defendant has <u>not</u> argued that it is likely to prevail on the issue for liability for copyright infringement. It has merely argued that Plaintiff's recovery will be modest. As such, Defendant has implicitly conceded that Plaintiff is likely to be the prevailing party on his infringement claim. Given that Defendant has failed to assert a meritorious defense to liability, there is no basis to compel Plaintiff to arbitrarily post a bond. As such, the Court should decline Defendant's invitation to convert L.R. 54.2 into a "pay to play" device targeting individual copyright holders with meritorious claims.

<u>**Point II**</u>:   **As a Matter of Supreme Court Law, an Adjudged Copyright Infringer Cannot Shift Fees to a Prevailing Plaintiff Under Rule 68**

Defendant's motion is primarily based on a flawed legal theory that a *non-prevailing* defendant can shift fees to plaintiff under Rule 68 after being found liable for copyright infringement. This theory has been consistently rejected by the majority of Circuit courts to have addressed the issue and has never been applied in this Circuit (every S.D.N.Y. decision cited by Defendant in support of this proposition is mere *dicta*). The Supreme Court requires that the term "costs" under Rule 68 shall only include those costs that are "properly awardable" under the substantive statute which, in this case, is the Copyright Act. *Marek v. Chesny,* 473 U.S. 1, 8-9, 105 S.Ct. 3012, 3016 (1985).

Section 505 provides that <u>only</u> the "prevailing party" may recover attorneys' fees. 17 U.S.C. § 505. Thus, because Rule 68 is only available to a *non-prevailing* defendant, fees cannot be shifted under Rule 68 as a matter of law. On the strength of *Marek*, the majority of federal courts hold that because the Copyright Act only permits a "prevailing party" to recover attorneys' fees "as costs," a copyright plaintiff cannot be liable for a non-prevailing defendant's



post-offer attorneys' fees under Rule 68. *See, e.g.*, *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022, 1048 (9th Cir. 2011) ("We agree with the district court that, because it found that attorney's fees were not "properly awardable" under § 505 in this case, fees could not be awarded under Rule 68"); *Harbor Motor Co., Inc. v. Arnell Chevrolet–Geo, Inc.*, 265 F.3d 638 (7th Cir. 2001) (under the Copyright Act, a non-prevailing defendant cannot recover attorneys' fees as part of a Rule 68 award); *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 381 (E.D.N.Y. 2004)*; Bruce v. Weekly World News, Inc.*, 203 F.R.D. 51, 54–55 (D. Mass. 2001) (same).

Defendant's reliance on *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 363 (S.D.N.Y. 2006) (Preska, J.), *aff'd*, 249 F. App'x 845 (2d Cir. 2007) is inapposite. In *Baker*, defendant was awarded fees and costs pursuant to § 505 of the Copyright Act because plaintiff's case was dismissed with prejudice. In other words, the *Baker* plaintiff was <u>not</u> the prevailing party. The Second Circuit decision did not even mention Rule 68. Instead, it affirmed Judge Preska's award of attorneys' fees to defendant under section 505.

The concept that adjudged copyright infringers cannot shift fees under Rule 68 is also in accord with the very purpose of the Copyright Act. After all, copyright infringement actions brought by individual copyright holders do more than provide economic compensation to victims. They secure intellectual property rights from widespread invasion by corporations and promote the Progress of the Sciences and the useful Arts. *See Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (public interest can only be served by upholding copyright protections, thus preventing misappropriation of skills, creative energies, and resources invested in protected work).

In a transparent effort to effectuate its "pay to play" scheme, Defendant attacks Plaintiff's counsel as a "copyright troll." But the public record belies this characterization given that Liebowitz's mission to secure the rights of content creators has largely been met with success. For example, Liebowitz has obtained judgments of liability for copyright infringement in *Masi v. Moguldom Media Grp. LLC*, No. 18 CIV. 2402 (PAC), 2019 WL 3287819, at *1 (S.D.N.Y. July 22, 2019) (summary judgment); *Sands v. CBS Interactive, Inc.,* 18-cv-7345 (JSR), 2019 WL 1447014 (S.D.N.Y. March 13, 2019) (summary judgment); *Mango v. BuzzFeed, Inc.,* 356 F. Supp. 3d 368 (S.D.N.Y. 2019) (bench trial); *Otto v. Hearst Commc'ns, Inc.*, 345 F. Supp. 3d 412 (S.D.N.Y. 2018) (summary judgment); *Chicoineau v. Bonnier Corp.,* No. 18-CV-3264 (JSR), 2018 WL 6039387, at *1 (S.D.N.Y. Oct. 16, 2018) (summary judgment); *Goodman v. Universal Beauty Prod. Inc.,* No. 17-CV-1716 (KBF), 2018 WL 1274855, at *1 (S.D.N.Y. Mar. 9, 2018) (summary judgment). In *Mango*, Judge Marrero recently awarded over $45,000 in Liebowitz's fees and costs for prosecuting a successful infringement claim to trial. 17-cv-06784 (VM) (Dkt. #80) (8/20/19). That's not the record of a "copyright troll;" it's the work of a private attorney general dedicated to enforcing the constitutional rights of Authors and Creators.

Finally, Defendant claims that Plaintiff has violated a Court Order by producing documents three days past the Court's interim deadline. Defendant should not throw stones from glass houses. Defendant also violated the very same Order by producing *key* documents past deadline, including at Plaintiff's own deposition. Plaintiff apologies for missing the deadline while Defendant conceals its own infractions. In sum, the request for bond should be denied.



Respectfully Submitted,

**/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff*