Liebowitz Law Firm, PLLC
Attorneys for the Photographic Arts

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

August 28, 2019

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1106
New York, NY 10007

Re:   *Wisser v. Vox Media, Inc.*, 1:19-cv-01445 (LGS)

Dear Judge Schofield:

     We represent Plaintiff Bill Wisser ("Plaintiff") in the above-captioned case and write in opposition to Defendant Vox Media, Inc. ("Defendant")'s motion to compel a second deposition of Plaintiff, and for sanctions against Plaintiff and his counsel. As demonstrated below, Defendant is "trolling" for sanctions, having suffered no prejudice whatsoever, and is brazenly attempting to exploit Liebowitz Law Firm's past history of infractions in unrelated cases. Accordingly, Defendant's requests should be denied in full.

**Point I: The Court Should Deny Defendant's Request to Re-Open Plaintiff's Deposition**

     Defendant seeks an order "compelling Plaintiff's appearance at a second deposition to permit Vox Media to inquire about the supplemental responses and newly divulged information." [Dkt. #24, p. 3] This request is calculated to harass Plaintiff and needlessly increase the cost of litigation.[1] Moreover, Defendant has failed to disclose *any* information which would permit the Court to assess whether a second deposition is warranted, further underscoring the bad faith intent behind Defendant's latest "sideshow" motion.

     The supplemental responses to Defendant's interrogatories, which are duly verified and signed by Plaintiff pursuant to Rule 33(b)(5), do not contradict any of his original responses. Instead, as required by Rule 26(e), Plaintiff has timely supplemented his responses with additional information which is either: (a) wholly immaterial to any claim or defense in this action; or (b) readily determinable by reference to documents produced by Plaintiff prior to the first deposition. Plaintiff's supplemental responses modified four out of nine interrogatories.

---

[1] Defense counsel has manifested a bad faith intent to increase the costs of this litigation in order to punish Plaintiff for his rejection of Defendant's Rule 68 offer. As set forth in Defendant's request for a bond under L.R. 54.2, Defendant argues that adjudged copyright infringers can shift fees to prevailing copyright holders under that procedural rule. [Dkt. #22] And because Defendant maintains the utmost confidence that Plaintiff will not beat the Rule 68 offer at trial, it is willfully racking up fees and costs through needless ancillary motions and superfluous depositions.





| D's Interrogatory | Original Response | Supplemental Response | Comment |
|---|---|---|---|
| #1: Identify all persons or entities you believe have infringed upon your intellectual property rights in the Photograph. | Defendant. | Defendant; Goop, Inc.; Ariete Restaurant; Morris Visitor Publications, LLC; Zagat. | Wholly immaterial to any claim or defense in the present action |
| #2: In order to compute "actual damages" as demanded in your Complaint, identify all persons or entities to whom you have attempted to license the Photograph and the fees paid for any such license. | Miami New Times. | Miami New Times ($200). | Readily determinable from documents produced prior to Plaintiff's deposition |
| #3: In order to compute "actual damages" as demanded in your Complaint, identify all persons or entities to whom you have attempted to license the Photograph and any fees demanded by you for any such license. | Miami New Times. | Jason Odio ($685/five images; $1200/ten images; $1,700/fifteen images). | Readily determinable from documents produced prior to Plaintiff's deposition |
| #5: Identify all persons or entities with knowledge or information concerning the subject matter of this action. | Plaintiff | Plaintiff, Plaintiff's counsel (Richard Liebowitz); Ariete restaurant (3540 Main Hwy, Coconut Grove 50 NW 3rd Ave., Miami, Florida, 33127); Defendant. | Readily determinable from documents produced prior to Plaintiff's deposition |

As demonstrated in the chart above, Defendant cannot identify any "newly divulged" or supplemental information which would warrant Defendant's taking of a second deposition. Defendant already knew the answers to Interrogatory Nos. 2, 3 and 5 well before the Plaintiff's first deposition as such information is contained in Plaintiff's document production. *See Holmes v. All Am. Check Cashing, Inc.*, No. 2:11-CV-7-NBB-SAA, 2016 WL 552357, at *2 (N.D. Miss. Feb. 10, 2016) ("Rule 33 allows the option to produce business records if the answer to the interrogatory may be determined from examining the records and if the burden of ascertaining the answer will be substantially the same for either party").[2]

---

[2] The only new information disclosed in the supplemental responses relates to third-party infringers. *See* Interrogatory No. 1. But during the meet-and-confer, when defense counsel was pressed as to why such information warranted a second deposition, Defense counsel failed to articulate a response.



**Point II:** **Any Alleged Defect in Plaintiff's Verification to His Original Interrogatory Responses Was Cured Prior to Defendant's Instant Motion**

Defendant alleges that Plaintiff violated Rule 33(b)(5) by failing to sign his original responses to Defendant's interrogatories. However, Plaintiff cured any alleged defect when he served properly verified supplemental responses pursuant to Rule 26(e).[3] "[C]ourts have found that a signing defect can be remedied where a party verifies the answers and signs the Verification". *Lackey v. SDT Waste & Debris Servs.*, No. CIV.A. 11-1087, 2013 WL 5772325, at *5 (E.D. La. Oct. 23, 2013); see also *Adams v. Turkey,* 2012 WL 253313, at *2 (S.D.Tex. Jan. 25, 2012) (noting that Rule 33(b)(5) objection was rendered moot when party served a properly signed verification); *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 WL 5483213, at *1 (S.D. Miss. June 13, 2017) (declining to impose sanctions where "Plaintiff's delay in providing signed responses did not prejudice Defendant"); *Holmes v. All Am. Check Cashing, Inc.*, No. 2:11-CV-7-NBB-SAA, 2016 WL 552357 at *2, 2016 U.S. Dist. LEXIS 18917 at *2 (N.D. Miss. Feb. 10, 2016) (declining to impose sanctions for Rule 33(b)(5) violation).

Defendant's claim of "forgery" is specious. As a preliminary matter, Liebowitz Law Firm respectfully declines to fall into Defendant's "disqualification trap" by taking a position adverse to its own client. In any event, even if Plaintiff's counsel hypothetically affixed Plaintiff's electronic signature to his verification of the original responses, such conduct should not be sanctionable. New York General Obligations Law contemplates that attorneys can sign documents on behalf of clients. N.Y. G.O.L. § 5–1507(1); *see also Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.,* 724 F.2d 776, 788 (9th Cir. 1984) ("attorneys frequently sign documents on behalf of clients which are accepted by courts and other agencies without their production of authorization by the client.").[4]

Finally, Defendant has abjectly failed to show how it was prejudiced by any of the alleged discovery violations. For this fact alone, its requests should be denied. *See, e.g.*, *Lexington Ins. Co. v. Newbern Fabricating, Inc.,* 2016 WL 6652792, at *2 (N.D. Okla. June 16, 2016) ("sanctions are not appropriate if the [Rule 26(e)] supplementation was harmless."); *Olmstead v. Fentress Cty., Tennessee*, 2019 WL 633120, at *5 (M.D. Tenn. Feb. 14, 2019) (declining to award sanctions under Rule 37(c)(1) "because that violation was harmless.")

---

[3] Defendant does not deny that the alleged defect has been cured by Plaintiff's service of duly verified supplemental responses. Nor does Defendant allege that it suffered any procedural or substantive prejudice as a result of the alleged defect. Instead, Defendant seeks to disqualify Liebowitz Law Firm and place it on trial for "forgery" in order to derail a meritorious copyright claim against a serial infringer who has been sued a whopping twelve times in the last three years.

[4] A claim of forgery against an attorney lies where the client alleges that his attorney signed a binding document, such as a settlement agreement, that was never authorized by the client. *In re Dreier LLP*, 450 B.R. 452, 454 (Bankr. S.D.N.Y. 2011). In this case, Plaintiff is not accusing Plaintiff's counsel of forgery or otherwise binding him to a document that was never authorized. Quite the opposite, Plaintiff has served a duly signed verification in connection with his Rule 26(e) supplemental responses and has therefore ratified his original responses (none of which contradict the information set forth in the supplemental responses).



Respectfully Submitted,

**/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff*