UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x
BILL WISSER,

      Plaintiff,

   - against -

VOX MEDIA, INC.,

      Defendant.
----------------------------------------------------------------------x

Case No. 1:19-cv-1445-LGS

Hon. Lorna G. Schofield

**DECLARATION OF RACHEL F. STROM**

I, Rachel F. Strom, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an attorney admitted to practice before the courts of the State of New York and the Southern District of New York. I am a partner in the law firm of Davis Wright Tremaine LLP, counsel for Defendant Vox Media, Inc. in the above-captioned matter.

2. I make this declaration based upon personal knowledge.

3. On February 1, 2019, Plaintiff filed his Complaint against Vox Media alleging that Vox Media's website Eater Miami had violated his copyright in a photograph of oysters (the "Photograph") at a Miami restaurant.  See Dkt. 1.

4. On March 29, 2019, Vox Media made an Offer of Judgment for more than twenty-five times the licensing fee demanded by Plaintiff for the Photograph, as shown in Plaintiff's production.

5. Plaintiff's counsel, Mr. Richard Liebowitz, never responded to that Offer or other reasonable settlement offers, instead communicating through co-counsel Mr. James Freeman that he "wants to take this one [lawsuit] to judgment."

6. On April 26, 2019, Vox Media served its Interrogatories and Requests for Production on Plaintiff.

7. On May 24, 2019, Mr. Liebowitz requested an extension through June 7, 2019 to serve Plaintiff's responses to Defendant's Interrogatories and Requests for Production, which Vox Media granted.

8. On June 7, 2019, Mr. Freeman served Plaintiff's responses to Defendant's Interrogatories and Requests for Production. Plaintiff's responses to the Interrogatories included Plaintiff's Interrogatory Verification page that I believed was signed under oath by Wisser. A true and correct copy of Plaintiff's interrogatory responses is attached as Exhibit A.

9. A true and correct copy of Plaintiff's response to Defendant's Requests for Production is attached as Exhibit B.

10. Plaintiff's counsel represented to the Court that it would produce relevant documents in this case by June 17, 2019. *See* Dkt. 18 at 1. Pursuant to the Court's scheduling Order, the parties were required to produce responsive documents by June 23, 2019. Dkt. 15 ¶ 8(c).

11. Both the June 17 and June 23 deadlines passed without any correspondence, explanation, or production from Plaintiff or Plaintiff's counsel.

12. After threatening Mr. Liebowitz with a motion to compel on June 24 if Plaintiff did not produce responsive documents, he promised to produce documents by June 25 and ultimately produced documents on June 26.

13. Plaintiff's June 26 production consisted of publicly available documents, including a copy of the Photograph, a printout of the copyright registrations for a number of Plaintiff's photographs (ostensibly including the Photograph at issue), a copy of the *Miami New Times* article that included the Photograph, Eater Miami's article that

included the Photograph, Vox Media's Wikipedia page, two articles about Vox Media's advertising revenue, and two unrelated articles in *Where Traveler* and *Goop* featuring the Photograph. Plaintiff also included a single invoice from Plaintiff to an unrelated restaurant, Vinaigrette, for 25 photographs not at issue in this lawsuit.

14. On July 17, 2019, following multiple demands that Plaintiff supplement his production, and Plaintiff's counsels' claims that they were "prepping for trial" or their "client is still gathering [the documents]," Plaintiff produced additional documents including his invoice to the *Miami New Times* that covered the "creation of 41 photographs" including the Photograph at issue, "plus the grant of a license for the *Miami New Times* to publish" the images for $200.00.

15. On July 18 and 19, 2019, Plaintiff produced a variety of non-native incomplete emails that also related to the Photograph. After requesting native complete versions, Mr. Liebowitz produced non-native complete versions, as well as copies of new emails that had not been produced before.

16. Upon researching Plaintiff's social media accounts, our firm discovered copies of the Photograph that Plaintiff had posted to his Facebook and Instagram accounts. Plaintiff has never produced copies of these postings. A true and correct copy of these postings is attached as Exhibit C.

17. I took Plaintiff's deposition on behalf of Vox Media on August 15, 2019. During that deposition, I questioned Plaintiff about his interrogatory responses because I believed a number of the responses were incorrect. Attached as Exhibit D is a true and correct copy of pages 79 through 92 from the transcript of Plaintiff's deposition.

18. At the deposition, I also questioned Plaintiff about his efforts to search for and produce

relevant documents in this action. Attached as Exhibit E is a true and correct copy of pages 22 through 27 and 58 through 61 from the transcript of Plaintiff's deposition.

19. On Thursday, August 15, 2019, following Plaintiff's deposition, I requested a meet-and-confer with Plaintiff's counsel to discuss the signature on Plaintiff's verification on the Interrogatory responses. Plaintiff did not respond to that email, but instead served "supplemental interrogatory responses." Attached as Exhibit F is a true and correct copy of Plaintiff's supplemental interrogatory responses.

20. After being served with Plaintiff's supplemental responses, I again requested a meet-and-confer with Plaintiff's counsel. Plaintiff's counsel would only agree to meet the following Tuesday at 1:00pm, at the very time that he knew I would be on a plane so that I could defend a deposition that Plaintiff's counsel noticed in Florida. A true and correct copy of this email exchange is attached hereto as Exhibit G.

21. On August 20, 2019, after I landed in Miami for the deposition, Plaintiff's counsel Mr. Freeman eventually agreed to meet and confer about Plaintiff's signature of the Interrogatory responses and other discovery violations that occurred in this case. During that meet-and-confer, Mr. Freeman referred to the forged signature as simply "a technical knick-knack."

22. In Florida, I defended a deposition that Plaintiff noticed in this case which Plaintiff's counsel began over an hour after the deposition was noticed. And because Plaintiff's counsel did not travel to Florida for the deposition, he asked me to print his exhibits and prepare them for the witness the morning of the deposition.

23. When I returned from Florida, on August 21, 2019, I defended Vox Media's corporate deposition that Plaintiff had scheduled. That deposition lasted only 13 minutes.

5

24. I declare under penalty of perjury, that the foregoing is true and correct.

Executed on this 3rd day of October, 2019.

                                                                                            /s/ Rachel F. Strom
                                                                                              Rachel F. Strom