# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BILL WISSER            Plaintiff, | |
| - against – | Case No.: 1:19-cv-1445-LGS |
| VOX MEDIA, INC. | |
| Defendant. | |

### PLAINTIFF BILL WISSER'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Bill Wisser ("Plaintiff"), by his counsel, Liebowitz Law Firm, PLLC, responds as follows to Vox Media, Inc.'s First Set of Requests for the Production of Documents (the "Requests," and each individually, a "Request"):

### GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in full into each response as if fully set forth therein, and all responses are subject to these general objections.

1.      Plaintiff objects to the Definitions set forth in the Requests to the extent they seek to impose greater burdens on Plaintiff than are required by the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the Definitions set forth in the Requests to the extent they seek to impose greater burdens on Plaintiff than would the definitions for such terms contained in the Local Rules of the U.S. District Court for the Southern District of New York

1

(SDNY). With respect to the terms "person," "SDI," "Defendant," "communication," "document(s)," "concerning," and "any," Plaintiff responds as if the Request relies only on the definition set forth in the Local Rules of the SDNY. With respect to the term "records," Plaintiff responds as if the term were coextensive with the term "documents." With respect to the term "relating to," Plaintiff responds as if the term were coextensive with the term "concerning."

3. Plaintiff objects to the definition of the term "produce" to the extent it requires Plaintiff to "separate such documents into categories set forth in this request." The definition is vague as the categories of "this request" are not apparent.

4. Plaintiff objects to the instructions to the extent that they purport to require Plaintiff to seek or obtain documents that are not in her possession, custody, or control.

5. Plaintiff objects to each Request to the extent it calls for documents subject to the attorney-client, work product, or other privilege. Plaintiff will list such documents dated prior to the filing of this action on a privilege log but will not produce them. Plaintiff will not identify later documents as such identification would be invasive of attorney-work product

6. Plaintiff objects to the instructions to the extent that, with respect to asserting the attorney-client privilege or work-product doctrine and producing information regarding such documents, they purport to impose burdens beyond those set forth in Local Civil Rules.

7. Plaintiff objects to each Request insofar as it is not proportional to the needs of

2

the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8. Plaintiff objects to each Request to the extent it seeks information and documents that are confidential, sensitive or trade secret. To the extent Plaintiff is required to produce any such information and/or documents, it shall do so pursuant to a protective order negotiated between the parties in this proceeding.

9. Plaintiff objects to each Request that seeks the disclosure of "all" documents of a specific nature or type as posing a burden upon Plaintiff disproportionate to the needs of the case because a limited number of documents will sufficiently provide the necessary information.

10. Plaintiff objects to every Request to the extent it is not limited as to time.

11. Plaintiff objects to every request that seeks documents prior to July 2017 (or one year before the infringement). Unless specifically noted otherwise, Plaintiff generally will produce responsive documents relating to at least the time period of July 2017 until the filing of the Complaint in this action.

12. Plaintiff objects to every Request that seeks documents that are already in Defendant's custody, possession, or control, readily available to Defendant, or attainable by Defendant from public sources.

13. Plaintiff objects to the Requests insofar as they seek documents unrelated to the claims and defenses asserted in this proceeding.

14. Where Plaintiff has objected on the grounds of any of these general objections ("General Objections") or any specific objection ("Specific Objections"), it nevertheless may produce responsive documents that it considers to be sufficient for the purposes of the proceeding with respect to the subject of the Request. The fact that Plaintiff will produce such documents is not a waiver of its objections.

15. Plaintiff's responses and objections are without prejudice to, and Plaintiff does not waive any evidentiary objections relating to any Request or the response to the Request.

16. Plaintiff has not concluded its investigation of the facts relating to this case and has not completed formal discovery or preparation for trial. Accordingly, there may exist documents responsive to the Requests that Plaintiff does not yet have knowledge of or has not yet located, identified, or reviewed. All of the following responses are therefore based on such documents currently known or available to Plaintiff after a reasonable inquiry. Plaintiff reserves the right to alter, amend, or supplement its responses at any time.

17. Nothing contained in any response to any Request shall be construed as an admission by Plaintiff relative to the existence or non-existence of any documents or information, and no such response shall be construed as an admission respecting the relevance or admissibility of any document or information, or the truth or accuracy of any statement or characterization contained in any Request.

## SPECIFIC RESPONSES AND OBJECTIONS

Document Request No. 1.  *Digital copies of the Photograph.*

**Response to Document Request No. 1**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 1.

Document Request No. 2: *All documents related to the copyright registration of the Photograph, including but not limited to copies of any registration, applications to register, deposit copies submitted to the Copyright Office, and any communications with the Copyright Office relating to the registration of the Photograph.*

**Response to Document Request No. 2**:  Plaintiff objects to Request No. 2 on grounds that any responsive documents consist of publicly available information and are therefore equally accessible to Defendant.  Plaintiff further objects to Request No. 2 to the extent it asks Plaintiff to incur additional fees by requesting deposit copies from the Copyright Office and given that Defendant has equal access to the Copyright Office's records.  Subject to the foregoing General and Specific Objections, Plaintiff shall produce non-privileged documents in her possession responsive to Request No. 2.

Document Request No. 3.: *Documents sufficient to show the fact and date of the first publication of the Photograph.*

**Response to Document Request No. 3**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 3.

Document Request No. 4: *Documents sufficient to show all instances in which the Photograph has been published and the locations of any such publication.*

**Response to Document Request No. 4**:   Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 4.

Document Request No. 5:  *All documents referring or relating to the creation of the Photograph, including but not limited to any agreements or assignments pursuant to which the Photograph was created, and any communications and records of payments relating to the same.*

**Response to Document Request No. 5**: Subject to the foregoing General Objections, and subject to a Protective Order, Plaintiff shall produce all documents in his possession responsive to Request No. 5.

Document Request No. 6: *All documents, including communications, referring or relating to the transfer or assignment of exclusive rights, title, or ownership of the copyrights in the Photograph.*

**Response to Document Request No. 6**: Plaintiff does not have any documents in his possession responsive to Request No. 6.

Document Request No. 7: *Documents sufficient to identify all methods by which you offer to license your photographs to third parties.*

**Response to Document Request No. 7**: Plaintiff does not have any documents in his possession responsive to Request No. 7.

Document Request No. 8: *All documents relating to your offering of the Photograph for sale or license to any person.*

**Response to Document Request No. 8:** Plaintiff does not have any documents in his possession responsive to Request No. 8.

Documents Request No. 9: *All documents relating to the existence of any market for the Photograph.*

**Response to Document Request No. 9:** Plaintiff does not have any documents in his possession responsive to Request No. 9.

Document Request No. 10: *All communications between You and Ariete relating to the Photograph.*

**Response to Document Request No. 10**: Plaintiff does not have any documents in his possession responsive to Request No. 10.

Document Request No. 11: *All communications between You and Ariete relating to any of your photographs and/or photography services.*

**Response to Document Request No. 11**: Plaintiff does not have any documents in his possession responsive to Request No. 11.

6

Document Request No. 12*:  All documents evidencing any sales opportunities for the Photograph lost by you as a result of Vox Media's conduct as alleged in the Complaint.*

**Response to Document Request No. 12**: Plaintiff does not have any documents in his possession responsive to Request No. 12.

Document Request No. 13: *All communications relating to the Photograph.*

**Response to Document Request No 13:** Plaintiff does not have any documents in his possession responsive to Request No. 13.

Document Request No. 14: *Documents sufficient to show the amount, date, and payor for each payment that you have received for the Photograph.*

**Response to Document Request No 14:** Plaintiff does not have any documents in his possession responsive to Request No. 14.

Document Request No. 15: *All documents related to any license or permission granted for the Photograph at any time, including the terms of the licenses granted, the licensees, the permitted use of the Photograph, and the amounts charged therefor.*

**Response to Document Request No 15:**  Plaintiff does not have any documents in his possession responsive to Request No. 15.

Document Request No. 16: *Any and all communications between you and any other person that refer or relate to Vox Media or the Article.*

**Response to Document Request No 16:**  Plaintiff does not have any documents in his possession responsive to Request No. 16.

Document Request No. 17: *Any and all communications between you and Vox Media, including but not limited to any communications with any employee or independent contractor that works for Miami Eater or its website, which is available at the URL [www.miami.eater.com](www.miami.eater.com).*

**Response to Document Request No 17:** Plaintiff does not have any documents in his possession responsive to Request No. 17.

7

Document Request No. 18: *All documents evidencing any infringement of copyright in the Photograph by Vox Media.*

**Response to Document Request No. 18:** Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 18.

Document Request No. 19: *All documents demonstrating that any infringement by Vox Media as alleged in the Complaint was willful, deliberate, intentional, and/or purposeful.*

**Response to Document Request No 19:** Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 19.

Documents Request No. 20: *All documents evidencing any damages that you suffered due to Vox Media's alleged infringement of the copyright in the Photograph.*

**Response to Document Request No. 20:** Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 20.

Documents Request No. 21: *All documents demonstrating any harm of any type that you suffered as a result of any conduct of Vox Media as alleged in the Complaint.*

**Response to Document Request No. 21:** Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 21.

Documents Request No. 22: *Documents sufficient to show all attorney's fees and costs that you incurred in this action.*

**Response to Document Request No. 22:** Plaintiff objects to Request No. 22 on grounds that it is untimely and not ripe for review. Plaintiff shall produce documents responsive to this request within 14 days after the Court has entered final judgment against Defendant.

Documents Request No. 23: *Copies of your individual Federal and State income tax returns for each year, beginning with the year 2015 through the present.*

**Response to Document Request No. 23:** Plaintiff objects to Request No. 23 on grounds that it is overly broad and unduly burdensome. Plaintiff further objects on grounds that Request No. 23 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Accordingly, no further response is required.

Documents Request No. 24: *All documents and communications relating to any person's unauthorized use of the Photograph, including documents concerning any litigation or settlements resulting therefrom.*

**Response to Document Request No. 24:** Plaintiff objects to Request No. 24 on grounds that it is overly broad and unduly burdensome. Plaintiff further objects on grounds that Request No. 24 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Accordingly, no further response is required.

Documents Request No 25: *All communications that occurred prior to the filing of this Lawsuit which refer to the potential for filing this Lawsuit*

**Response to Document Request No. 25:** Plaintiff objects to Request No. 25 on grounds that such communications are protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects on grounds that Request No. 25 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Accordingly, no further response is required.

Documents Request No. 26: *All documents related to your discovery of the Article.*

**Response to Document Request No. 26:** Plaintiff objects to Request No. 26 to the extent it seeks communications protected by the Work Product doctrine or Attorney-Client privilege. Accordingly, no further response is required.

Documents Request No. 27: *All documents related to your discovery of Vox Media's alleged use of the Photograph.*

**Response to Document Request No. 27:** Plaintiff objects to Request No. 27 to the extent it seeks communications protected by the Work Product doctrine or Attorney-Client privilege. Accordingly, no further response is required.

Documents Request No. 28: *All documents related to your efforts prior to May 22, 2018 to identify alleged infringements of your copyright in the Photograph.*

**Response to Document Request No. 28:** Plaintiff objects to Request No. 28 to the extent it seeks communications protected by the Work Product doctrine or Attorney-Client privilege. Accordingly, no further response is required.

Documents Request No. 29: *All documents related to reverse image searches conducted for the Photograph.*

**Response to Document Request No. 29:** Plaintiff objects to Request No. 29 to the extent it seeks communications protected by the Work Product doctrine or Attorney-Client privilege. Accordingly, no further response is required.

Documents Request No. 30: *All documents related to your knowledge, suspicion, or discovery of any alleged infringements of your copyright in the Photograph prior to May 22, 2018.*

**Response to Document Request No. 30:** Plaintiff objects to Request No. 30 to the extent it seeks communications protected by the Work Product doctrine or Attorney-Client privilege. Accordingly, no further response is required.

Documents Request No. 31: *All communications with third parties prior to May 22, 2018 regarding alleged infringements of your copyright in the Photograph.*
**Response to Document Request No. 31:** Plaintiff does not have any documents responsive to Request No. 31.

Documents Request No. 32: *All rate sheets, pricing calculators, or other documents reflecting your prices for licensing the Photograph from 2015 through the present.*

**Response to Document Request No. 32:** Plaintiff does not have any documents in his possession responsive to Request No. 32.

Documents Request No. 33: *All documents that you intend to or may rely upon for any purpose at trial.*

**Response to Document Request No. 33:**  Subject to the foregoing General Objections, and subject to a Protective Order, Plaintiff shall produce all documents in his possession responsive to Request No. 33.

Documents Request No. 34: *All documents that support, refute, contradict, or are otherwise related to the allegations set forth in the Complaint.*

**Response to Document Request No. 34:**  Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 34.

Documents Request No. 35: *All documents that you receive in response to any subpoena you serve in this action.*

**Response to Document Request No. 35**, Plaintiff does not have any documents in his possession responsive to Request No. 35,

Documents Request No. 36: *All documents identified in any disclosures you have made or will make pursuant to Rule 26(a)(1) in this action.*

**Response to Document Request No. 36:** Subject to the foregoing General Objections, and subject to a Protective Order, Plaintiff shall produce all documents in his possession responsive to Request No. 36.

Dated:  June 7, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/richardpliebowitz
     Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
rl@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*Bill Wisser*

11

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF BILL WISSER'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS has been served via e-mail on June 7, 2019 to counsel listed below.

Rachel F. Strom
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
rachelstrom@dwt.com

*Attorneys for Defendant*

                        By: /jameshfreeman/
                            James H. Freeman, Esq.
                            Liebowitz Law Firm PLLC
                            jf@liebowitzlawfirm.com