# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BILL WISSER<br><br>                    Plaintiff,<br><br>- against –<br><br>VOX MEDIA, INC.<br><br>                    Defendant. | Case No. 1:19-CV-01445-LGS |

## PLAINTIFF BILL WISSER'S SUPERSEDING ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 26(e) and Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Bill Wisser ("Plaintiff"), by its counsel, Liebowitz Law Firm, PLLC, hereby submits his superseding answers and objections to Defendant Vox Media, Inc.'s First Set of Interrogatories (the "Interrogatories," and each individually, a "Interrogatory") as follows:

## GENERAL OBJECTIONS

Plaintiff makes the following General Objections to the Interrogatories. These General Objections apply to each of the Interrogatories, set forth immediately below, and are incorporated therein by reference. The Specific Objections, even if the same or similar, do not waive the General Objections. Answering any Specific Interrogatory shall not be construed as an admission that the Defendant is entitled to any response more specific than provided:

     1.     Plaintiff objects to Instructions, Definitions, and Interrogatories that impose duties or obligations beyond, or inconsistent with, those set forth in Local Rules and the Federal Rules.

2.      Plaintiff objects to the extent the Interrogatories seek information outside the scope of this proceeding. To the extent that the information sought is not relevant nor proportional to the needs of the case, the Plaintiff objects. Similarly, if the interrogatory is vague, ambiguous, the Plaintiff objects.

3.      Plaintiff objects to Interrogatories to the extent they seek information that is not within Plaintiff's possession, custody or control.

4.      Plaintiff objects to the extent the information sought is already in Defendant's, or third party's possession, custody or control, or is publicly available.

5.      Plaintiff objects to the extent the information is duplicative or redundant and the burden of deriving and ascertaining the answers is the same or similar for the Defendant as for the Plaintiff.

6.      Plaintiff objects to the extent information sought is protected by attorney-client privilege, work-product doctrine. Inadvertent disclosure thereof will not waive the privilege or similar protection from discovery.

7.      Plaintiff objects to the extent the information sought is subject to confidentiality duty to a non-party.

8.      Plaintiff objects to the extent information sought assumes disputed facts and legal conclusions.

9.      In answering, the Plaintiff does not waive and expressly reserves all objections.

10.     The answers are based on Plaintiff's current knowledge and best efforts to secure the information sought. Plaintiff reserves the right to supplement the information.

## SPECIFIC SUPERSEDING ANSWERS AND OBJECTIONS

Interrogatory No. 1.  *Identify all persons or entities you believe have infringed upon your intellectual property rights in the Photograph.*

**Answer to Interrogatory No. 1**: Defendant; Goop, Inc.; Ariete Restaurant; Morris Visitor Publications, LLC; Zagat.

Interrogatory No. 2.  *In order to compute "actual damages" as demanded in your Complaint, identify all persons or entities to whom you have attempted to license the Photograph and the fees paid for any such license.*

**Answer to Interrogatory No. 2**: Miami New Times ($200).

Interrogatory No. 3. *In order to compute "actual damages" as demanded in your Complaint, identify all persons or entities to whom you have attempted to license the Photograph and any fees demanded by you for any such license.*

**Answer to Interrogatory No. 3:** Jason Odio ($685/five images; $1200/ten images; $1,700/fifteen images).

Interrogatory No. 4:  *In order to compute "actual damages" as demanded in your Complaint, identify all licensing fees offered to you by any third party, whether or not accepted or received by you, with respect to the Photograph, to the extent not already covered by Interrogatories 2 and 3.*

**Response to Interrogatory No. 4**:  None.

Interrogatory No. 5: *Identify all persons or entities with knowledge or information concerning the subject matter of this action.*

**Response to Interrogatory No. 5**:  Plaintiff, Plaintiff's counsel (Richard Liebowitz); Ariete restaurant (3540 Main Hwy, Coconut Grove, FL 33133); Miami New Times (2750 NW 3rd Ave., Miami, Florida, 33127); Defendant.

Interrogatory No. 6: *Identify all persons or entities who have licensed and/or sold any photographs on your behalf.*

**Response to Interrogatory No. 6**: Plaintiff objects to Interrogatory No. 6 on grounds that is

overly broad and seeks information that is disproportionate of the needs of the case.

Interrogatory No. 7:  *Identify and provide a computation of each category of damages alleged in the Complaint, including but not limited to statutory damages and actual and compensatory damages.*

**Response to Interrogatory No. 7**: Statutory Damages: $30,000.  Actual Damages: $3,000.

Interrogatory No. 8:  *Identify all persons or entities with knowledge or information concerning each category of damage alleged in the Complaint, including the computation of each category of damages alleged.*

**Response to Interrogatory No. 8**: Plaintiff.

Interrogatory No. 9:  *Identify all persons or entities with knowledge or information concerning your efforts to identify potential infringements of your copyright in the Photograph.*

**Response to Interrogatory No. 9**: Plaintiff's counsel.

Dated: August 15, 2019

                                                            LIEBOWITZ LAW FIRM, PLLC

                                                            By: /s/richardliebowitz
                                                                   Richard P. Liebowitz
                                                           11 Sunrise Plaza, Suite 305
                                                           Valley Stream, NY 11580
                                                           Tel: (516) 233-1660
                                                           rl@LiebowitzLawFirm.com

                                                           *Attorneys for Plaintiff*
                                                           *Bill Wisser*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BILL WISSER<br><br>       Plaintiff,<br><br>- against –<br><br>VOX MEDIA, INC.<br><br>       Defendant. | Case No. 1:19-CV-01445-LGS |

# PLAINTIFF'S VERIFICATION OF HIS SUPERSEDING ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

  Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Federal Rules"), Plaintiff Bill Wisser ("Wisser") being duly sworn, deposes and says that I am the plaintiff in this action, that I have read Plaintiff's Superseding Answers and Objections to Defendant's First Set of Interrogatories, dated August 15, 2019, and know the contents thereof, and the same are true and accurate to the best of my knowledge, information and belief.

DATED: August 15, 2019
New York, NY

                     *[signature]*
                     _____

                     **BILL WISSER - Plaintiff**

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF BILL WISSER'S SUPERSEDING ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES has been served via e-mail on August 15, 2019 to counsel listed below.

Rachel F. Strom
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
rachelstrom@dwt.com

*Attorneys for Defendant*

          By: /jameshfreeman/
             James H. Freeman
             Liebowitz Law Firm PLLC
             jf@liebowitzlawfirm.com