# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------- x
BILL WISSER,                              :
                                          :        Docket No. 1:19-cv-1445-LGS
                    Plaintiff,            :
                                          :
          - against -                     :
                                          :
VOX MEDIA, INC.,                          :
                                          :
                    Defendant.            :
------------------------------------------------------- x
```

## DEFENDANT VOX MEDIA'S RESPONSE TO PLAINTIFF BILL WISSER'S FIRST SET OF INTERROGATORIES

Defendant VOX MEDIA, INC. ("Defendant") responds and objects to Plaintiff's First Set of Interrogatories as follows:

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.3 of the Local Civil Rules of the United States District Court for the Southern District of New York, Defendant VOX MEDIA, INC. ("Vox Media" or "Defendant"), by and through its undersigned attorneys, Davis Wright Tremaine LLP, hereby responds and objects to Plaintiff BILL WISSER's ("Wisser" or "Plaintiff") First Set of Interrogatories (the "Interrogatories") as follows:

## RESERVATION OF RIGHTS

In responding to the Interrogatories, Vox Media does not waive or intend to waive the attorney-client, work product, or any other privilege or immunity that otherwise would entitle it to refuse to produce the information or documents it provides, agrees herein to provide, or makes available for inspection and copying or to object to the use of such information or documents for any purpose, nor does Vox Media waive or intend to waive such privileges with respect to subsequent interrogatories or any other form of discovery.  Nor, in so responding, does Vox Media

concede the admissibility, relevance, or materiality to this action of the information or documents it provides, agrees to provide, or makes available for inspection and copying.  Rather, Vox Media provides, agrees to provide, or makes available for inspection and copying, such information or documents solely to avoid unnecessary discovery disputes and to expedite the pretrial preparation of this action without undue inconvenience to the parties or the Court.

Moreover, Vox Media has not yet completed its investigation of the facts relating to this action, has not yet completed its own discovery in this action, and has not begun preparation for trial.  Therefore, such responses are subject to change, and additional documents and information may be produced as Vox Media acquires additional information and completes its review and analysis of information and documents obtained and to be obtained.  To the extent Vox Media obtains additional discoverable information or documents as a result of such investigation, it will comply with obligations, if any, to supplement these responses.  Therefore, the following answers are given without prejudice to Vox Media's right to provide, at or before the time of trial, subsequently discovered evidence, or evidence relating to proof of facts later discovered to be material, including evidence produced at trial by Vox Media or its witnesses.  Vox Media's answers must be construed as given on the basis of its present knowledge.

## **GENERAL OBJECTIONS**

The following general objections are incorporated in and made part of each specific response to the Interrogatories as if fully set forth therein:

1.      Vox Media objects to the Interrogatories to the extent they or the Definitions or Instructions contained therein seek to impose obligations beyond the scope permitted by the Federal Rules of Civil Procedure (the "Federal Rules") or the Local Civil Rules of the United

States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules").

2.      Vox Media objects to the Interrogatories to the extent that their scope exceeds the scope of discovery permitted under the Federal Rules or Local Civil Rules, including because they are not restricted to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents . . . ."  Local Civil Rule 33.3.

3.      Vox Media objects to the Interrogatories to the extent that they seek information that is privileged under law, whether under the attorney-client privilege, as attorney work product, under the common interest privilege, as material prepared in anticipation of litigation or trial, under the joint defense privilege, or under any other legally cognizable privilege.

4.      In responding to these Interrogatories, Vox Media does not waive, and expressly reserves, all objections as to competency, relevance, materiality, and admissibility of the responses or subject matter thereof.

5.      Vox Media objects to the definition of "records" as overbroad, vague, and ambiguous.

6.      Vox Media reserves the right to correct, amend, modify, or supplement these responses from time to time and at any time in the future, as warranted by the circumstances.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1**:

Identify all uses of the Photograph by defendant and its affiliates, subsidiaries, and parent companies.

**RESPONSE TO INTERROGATORY NO. 1**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules.  Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 2, 3, and 17 of Plaintiff's First Request for Production of Documents.  Vox Media further objects to the term "uses" as vague and ambiguous.  Vox Media further objects to this Interrogatory as overbroad to the extent that it seeks information about entities that are not parties to this case.

**INTERROGATORY NO. 2**:

Identify any Website and URLs from where defendant obtained the Photograph.

**RESPONSE TO INTERROGATORY NO. 2**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules.  Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 1, 2, and 17 of Plaintiff's First Request for Production of Documents

**INTERROGATORY NO. 3**:

Identify all persons from whom defendant obtained the Photograph.

**RESPONSE TO INTERROGATORY NO. 3**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules.  Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 1, 2, and 17 of Plaintiff's First Request for Production of Documents, as well as Interrogatory No. 2, above.  Vox Media objects to the term "persons" as vague and ambiguous in the context.

Subject to and without waiving the foregoing general or specific objections, Vox Media identifies the following individuals and/or entities as having relevant information responsive to this Interrogatory:

**Olee Fowler**, who can be reached via Davis Wright Tremaine LLP.

## INTERROGATORY NO. 4:

Identify all places of where defendant got the idea to use the Photograph.

## RESPONSE TO INTERROGATORY NO. 4:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules.   Vox Media objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 1, 2, 3, 16, and 17 of Plaintiff's First Request for Production of Documents.   Vox Media further objects to this Interrogatory to the extent that it is not relevant to any party's claim or defense and on the grounds that its use of the phrases "all places" and "got the idea" is vague and ambiguous.

## INTERROGATORY NO. 5:

Identify all persons who found, decided to use, and/or edited the Photograph.

## RESPONSE TO INTERROGATORY NO. 5:

Vox Media objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 1, 2, 4, 16, and 17 of Plaintiff's First Request for Production of Documents, as well as Interrogatory No. 2 and 3, above.   Vox Media further objects to this Interrogatory to the extent that it is not relevant to any party's claim or defense as Vox Media did not edit the Photograph and the Complaint does not allege that Vox Media edited the Photograph. Vox Media further objects to this Interrogatory on the grounds that it is overbroad in seeking the

names of "all persons."   Instead, Vox Media will only provide the names of Vox Media's employees or agents that are sufficient to testify about the requested information.

Subject to and without waiving the foregoing general or specific objections, Vox Media identifies the following individuals at Vox Media as having relevant information responsive to this Interrogatory:

**Olee Fowler**, who can be reached via Davis Wright Tremaine LLP.

## INTERROGATORY NO. 6:

Identify all persons with knowledge or information concerning the posting, display and publication of the Photograph.

## RESPONSE TO INTERROGATORY NO. 6:

Vox Media objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 1, 2, 4, 16, and 17 of Plaintiff's First Request for Production of Documents, as well as Interrogatory No. 2, 3, and 5, above.   Vox Media further objects to this Interrogatory on the grounds that it is overbroad in seeking the names of "all persons."   Instead, Vox Media will only provide the names of Vox Media's employees or agents that are sufficient to testify about the requested information.

Subject to and without waiving the foregoing general or specific objections, Vox Media identifies the following individuals as having relevant information responsive to this Interrogatory:

**Olee Fowler**, who can be reached via Davis Wright Tremaine LLP.

## INTERROGATORY NO. 7:

Identify the method or process through which any of defendant's employees or agents decided to use the Photograph on the Website.

6

**RESPONSE TO INTERROGATORY NO. 7**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules, and to the extent that it seeks information that is protected by the attorney-client privilege, the work-product privilege, or any other applicable privilege.  Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 1, 2, 4, 16, and 17 of Plaintiff's First Request for Production of Documents, as well as Interrogatory No. 2, 3, 5, and 6, above.

**INTERROGATORY NO. 8**:

Identify all defendant's employees or agents who have knowledge or information concerning the revenues, sales and profits earned or received from the Website.

**RESPONSE TO INTERROGATORY NO. 8**:

Vox Media objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 14, 19, 20, 21, 22, 23, and 24, of Plaintiff's First Request for Production of Documents.  Vox Media further objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Interrogatory compared with its likely benefit.  Vox Media further objects to this Interrogatory on the grounds that it is overbroad, vague, unduly burdensome, harassing, and oppressive.  Vox Media further objects to this Interrogatory on the grounds that it is overbroad in seeking the names of "all defendant's employees or agents."

Subject to and without waiving the foregoing general or specific objections, Vox Media identifies the following individuals as having relevant information responsive to this Interrogatory:

**Samantha Mason**, as the F.R.C.P. 30(b)(6) witness for Vox Media, who can be reached via Davis Wright Tremaine LLP.

**INTERROGATORY NO. 9**:

Identify all defendant's employees or agents who have knowledge or information concerning the revenues, sales and profits earned or received from the Website.

**RESPONSE TO INTERROGATORY NO. 9**:

Vox Media objects to this Interrogatory as duplicative of Interrogatory No. 8, and refers Plaintiff to the answer and objections to that Interrogatory, above.

**INTERROGATORY NO. 10**:

Identify all persons with knowledge or information about defendant's procedures for licensing photographic content.

**RESPONSE TO INTERROGATORY NO. 10**:

Vox Media objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 2, 3, 10, 11, 13, and 42 of Plaintiff's First Request for Production of Documents.  Vox Media further objects to this Interrogatory on the grounds that it is overbroad in seeking the names of "all persons."  Instead, Vox Media will only provide the names of Vox Media's employees or agents that are sufficient to testify about the requested information.

Subject to and without waiving the foregoing general or specific objections, Vox Media identifies the following individuals as having relevant information responsive to this Interrogatory:

**Samantha Mason**, as the F.R.C.P. 30(b)(6) witness for Vox Media, who can be reached via Davis Wright Tremaine LLP.

**INTERROGATORY NO. 11**:

Identify all persons with knowledge or information about defendant's attempts to secure the rights to the Photograph prior to their publication on the Website.

**RESPONSE TO INTERROGATORY NO. 11**:

Vox Media objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 8, 9, 10, 11, 12, 17, and 27 of Plaintiff's First Request for Production of Documents.   Vox Media further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the work-product privilege, or any other applicable privilege.   Vox Media further objects to this Interrogatory on the grounds that it is overbroad in seeking the names of "all persons."   Instead, Vox Media will only provide the names of Vox Media's employees or agents that are sufficient to testify about the requested information.

Subject to and without waiving the foregoing general or specific objections, Vox Media identifies the following individuals and/or entities as having relevant information responsive to this Interrogatory:

**Olee Fowler**, who can be reached via Davis Wright Tremaine LLP.

**INTERROGATORY NO. 12**:

Identify the author(s) of the Website in which the Photograph appeared.

**RESPONSE TO INTERROGATORY NO. 12**:

Vox Media objects to this Interrogatory on the grounds that it is unintelligible as phrased. Vox Media further objects to this Interrogatory because the phrase "author(s) of the Website" is vague and ambiguous.

**INTERROGATORY NO. 13**:

Identify the editor(s) of the Website in which the Photograph appeared.

**RESPONSE TO INTERROGATORY NO. 13**:

Vox Media objects to this Interrogatory on the grounds that the identities of editors that had no involvement with the procurement of the photograph attached as Exhibit A to the Complaint (the "Photograph") or their use are wholly irrelevant to the subject matter of this action, as Vox Media's editorial process for the article referred to in paragraph 10 of the Complaint (the "Article") is not at issue.  Vox Media further objects to this Interrogatory on the grounds that any editor of the text of the Article, who did not edit or otherwise select the Photograph, is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Interrogatory compared with its likely benefit.  Vox Media further objects to this Interrogatory because the phrase "editor(s) of the Website" is vague and ambiguous.

Subject to and without waiving the foregoing general or specific objections, Vox Media identifies the following employee as having relevant information responsive to this Interrogatory:

**Olee Fowler**, who can be reached via Davis Wright Tremaine LLP.

**INTERROGATORY NO. 14**:

Identify the journalist(s) of the Website in which the Photograph appeared.

**RESPONSE TO INTERROGATORY NO. 14**:

Vox Media objects to this Interrogatory on the grounds that it is unintelligible as phrased. Vox Media further objects to this Interrogatory on the grounds that the identity of the "journalist(s) of the Website" is wholly irrelevant to the subject matter of this action, as any "journalists"

involved in the publication of the Article had no involvement with the procurement of the Photograph or its use.   Vox Media further objects to this Interrogatory because the phrase "journalist(s) of the Website" is vague and ambiguous.

**INTERROGATORY NO. 15**:

Identify all persons with supervisory control over the editorial process concerning the Website.

**RESPONSE TO INTERROGATORY NO. 15**:

Vox Media objects to the Interrogatory on the grounds that it is unintelligible as phrased. Vox Media objects to this Interrogatory on the ground that it is overbroad and calls for information wholly irrelevant to the subject matter of this action, as Vox Media's editorial process for the Article is not at issue.   Vox Media further objects to this Interrogatory because the phrase "supervisory control over the editorial process concerning the Website" is vague and ambiguous.

Subject to and without waiving the foregoing general or specific objections, Vox Media refers Plaintiff to the answers to Interrogatory Nos. 7 and 13, above.

**INTERROGATORY NO. 16**:

Identify any procedures or practices defendant used for securing licenses to photographic content.

**RESPONSE TO INTERROGATORY NO. 16**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules.   Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 8, 9, 10, 11, 12, 17, and 27 of Plaintiff's First Request for Production of Documents, and Interrogatory No. 13, above.   Vox Media further objects to this Interrogatory to the extent that it seeks information

11

that is protected by the attorney-client privilege, the work-product privilege, or any other applicable privilege.

**INTERROGATORY NO. 17**:

State the revenue and profits earned or received from the Website as a result of defendant's publication of the Website.

**RESPONSE TO INTERROGATORY NO. 17**:

Vox Media objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 14, 19, 20, 21, 22, 23, and 24, of Plaintiff's First Request for Production of Documents, and Interrogatory No. 8, above.

**INTERROGATORY NO. 18**:

State the revenue and profits earned and received from the

**RESPONSE TO INTERROGATORY NO. 18**:

Vox Media objects to this Interrogatory on the grounds that it is unintelligible as phrased and incomplete.

**INTERROGATORY NO. 19**:

State the revenue and profits earned or received from the Website during the Time Period.

**RESPONSE TO INTERROGATORY NO. 19**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules.  Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 14, 19, 20, 21, 22, 23, and 24 of Plaintiff's First Request for Production of Documents.

Subject to and without waiving the foregoing general or specific objections, Vox Media refers Plaintiff to the answers to Interrogatory Nos. 8 and 17, above.

**INTERROGATORY NO. 20**:

State the number of web hits or clicks generated by the Website.

**RESPONSE TO INTERROGATORY NO. 20**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules.  Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 25 and 26 of Plaintiff's First Request for Production of Documents.  Vox Media further objects to this Interrogatory on the grounds that it is vague.  Vox Media further objects to this Interrogatory on the grounds that it seeks confidential commercial, customer, and/or proprietary information.

**INTERROGATORY NO. 21**:

State the overall number of visitors to the Website during the Time Period.

**RESPONSE TO INTERROGATORY NO. 21**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules.  Vox Media further objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Interrogatory compared with its likely benefit.  Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 25 and 26 of Plaintiff's First Request for Production of Documents.  Vox Media further objects to this Interrogatory on the grounds that

it is overbroad, vague, unduly burdensome, harassing, and oppressive.  Vox Media further objects to this Interrogatory on the grounds that it seeks confidential commercial, customer, and/or proprietary information.

**INTERROGATORY NO. 22**:

State defendant's estimated net worth for the year ending 2018.

**RESPONSE TO INTERROGATORY NO. 22**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules.  Vox Media further objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Interrogatory compared with its likely benefit.  Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request No. 19 of Plaintiff's First Request for Production of Documents.  Vox Media further objects to this Interrogatory on the grounds that it is overbroad, vague, unduly burdensome, harassing, and oppressive.  Vox Media further objects to this Interrogatory on the grounds that it seeks confidential commercial, customer, and/or proprietary information.

**INTERROGATORY NO. 23**:

State defendant's estimated net worth for the year ending 2017.

**RESPONSE TO INTERROGATORY NO. 23**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules.  Vox Media further objects to this

Interrogatory on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Interrogatory compared with its likely benefit, particularly because the alleged infringement occurred after 2017. Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request No. 20 of Plaintiff's First Request for Production of Documents.  Vox Media further objects to this Interrogatory on the grounds that it is overbroad, vague, unduly burdensome, harassing, and oppressive.  Vox Media further objects to this Interrogatory on the grounds that it seeks confidential commercial, customer, and/or proprietary information.

**INTERROGATORY NO. 24**:

State defendant's estimated net worth for the year ending 2016.

**RESPONSE TO INTERROGATORY NO. 24**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules.  Vox Media further objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Interrogatory compared with its likely benefit, particularly because the alleged infringement occurred after 2016. Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request No. 21 of Plaintiff's First Request for Production of Documents.  Vox Media further objects to this Interrogatory on the grounds that it is overbroad, vague, unduly

burdensome, harassing, and oppressive.  Vox Media further objects to this Interrogatory on the grounds that it seeks confidential commercial, customer, and/or proprietary information.

**INTERROGATORY NO. 25**:

State defendant's gross revenues for the year ending 2018.

**RESPONSE TO INTERROGATORY NO. 25**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules.  Vox Media further objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Interrogatory compared with its likely benefit.  Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request No. 22 of Plaintiff's First Request for Production of Documents.  Vox Media further objects to this Interrogatory on the grounds that it is overbroad, vague, unduly burdensome, harassing, and oppressive.  Vox Media further objects to this Interrogatory on the grounds that it seeks confidential commercial, customer, and/or proprietary information.

**INTERROGATORY NO. 26**:

State defendant's gross revenues for the year ending 2016.

**RESPONSE TO INTERROGATORY NO. 26**:

Vox Media objects to this Interrogatory on the grounds that it exceeds the limit of 25 interrogatories set by Fed. R. Civ. P. 33(a)(1).  Vox Media further objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local

Civil Rules.  Vox Media further objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Interrogatory compared with its likely benefit, particularly because the alleged infringement occurred after 2016.  Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request No. 23 of Plaintiff's First Request for Production of Documents.  Vox Media further objects to this Interrogatory on the grounds that it is overbroad, vague, unduly burdensome, harassing, and oppressive.  Vox Media further objects to this Interrogatory on the grounds that it seeks confidential commercial, customer, and/or proprietary information.

**INTERROGATORY NO. 27**:

State defendant's gross revenues for the year ending 2017.

**RESPONSE TO INTERROGATORY NO. 27**:

Vox Media objects to this Interrogatory on the grounds that it exceeds the limit of 25 interrogatories set by Fed. R. Civ. P. 33(a)(1).  Vox Media further objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules.  Vox Media further objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Interrogatory compared with its likely benefit, particularly because the alleged infringement occurred after 2017.  Vox Media further objects to this Interrogatory on the

grounds that it is duplicative of and/or encompassed by Request No. 24 of Plaintiff's First Request for Production of Documents.  Vox Media further objects to this Interrogatory on the grounds that it is overbroad, vague, unduly burdensome, harassing, and oppressive.  Vox Media further objects to this Interrogatory on the grounds that it seeks confidential commercial, customer, and/or proprietary information.

**INTERROGATORY NO. 28**:

State the number of employees defendant has at present.

**RESPONSE TO INTERROGATORY NO. 28**:

Vox Media objects to this Interrogatory on the grounds that it exceeds the limit of 25 interrogatories set by Fed. R. Civ. P. 33(a)(1).  Vox Media further objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules.  Vox Media further objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Interrogatory compared with its likely benefit.

**INTERROGATORY NO. 29**:

State the number of offices, including the location of each office, which defendant maintains at present.

**RESPONSE TO INTERROGATORY NO. 29**:

Vox Media objects to this Interrogatory on the grounds that it exceeds the limit of 25 interrogatories set by Fed. R. Civ. P. 33(a)(1).  Vox Media further objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local

Civil Rules.  Vox Media further objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Interrogatory compared with its likely benefit.

Dated:  New York, New York

     May 9, 2019

                         Respectfully submitted,

                         DAVIS WRIGHT TREMAINE LLP

By:  _____ /s/ *Rachel F. Strom* _____
                        Rachel F. Strom

           1251 Avenue of the Americas, 21st Floor
           New York, NY  10020-1104
           (212) 489-8230 Phone
           (212) 489-8340 Fax
           rachelstrom@dwt.com

           *Attorney for Defendant Vox Media, Inc.*

19

## VERIFICATION OF DEFENDANT VOX MEDIA, INC.'S
## RESPONSES AND OBJECTIONS TO
## <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>

Pursuant to 28 U.S.C. § 1746, **Samantha Mason,** hereby declares and states:

1.      I am Senior Director of Rights & Licensing for Vox Media, Inc., party to this action, and am authorized to make this Verification for and on its behalf.

2.      I have read Defendant Vox Media, Inc.'s Responses and Objections to Plaintiffs First Set of Interrogatories and know its contents. With respect to those matters as to which I have personal knowledge, I affirm that such facts are true and correct. With respect to all other matters contained in the Responses, I am informed and believe that the matters stated therein are true and correct.

3.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of May, 2019, at New York, New York.

**Samantha Mason**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via email on the

following counsel this 9th day of May, 2019:

Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY  11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Attorneys for Plaintiff*
BILL WISSER

By: _____ /s/ *Rachel F. Strom* _____
                    Rachel F. Strom