UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BILL WISSER,<br><br>                           Plaintiff,<br><br>  - against -<br><br>VOX MEDIA, INC.,<br><br>                          Defendant. | Case No. 1:19-cv-01445-LGS |

**DECLARATION OF JAMES FREEMAN**

I, James Freeman, hereby declare under the penalty of perjury that the following is true and correct to the best of my personal knowledge and belief:

1. I submit this declaration in opposition to the motion for sanctions filed by Defendant Vox Media, Inc. ("Vox").

**My Background**

2. Since 2001, I have been admitted to practice law in this District continuously and in good standing.

3. I have been employed at Liebowitz Law Firm, PLLC ("LLF") since July 2017. I started as an associate and then assumed the title of senior counsel. I joined the firm because I specialize in copyright law and believe in LLF's mission to vindicate the public interest by prosecuting infringement claims on behalf of individual Artists and content creators. LLF not only serves its clients by securing compensation; it also acts as private attorney general to enforce one of the only civil actions that is specifically enshrined in the U.S. Constitution.

1

4. I am not a partner at LLF and do not have an equity stake in the law firm.

5. As a member of the bar of this Court (and the Eastern District of New York), I have filed notices of appearances in approximately 186 cases. Of those, I have served as lead counsel in approximately 75 cases. With respect to the balance, I have served as co-counsel with Richard Liebowitz, the founder and sole member of LLF.

6. In addition to the 186 federal cases in which I have filed a notice of appearance, I have also worked on hundreds of cases since July 2017 that have been filed by Mr. Liebowitz in which I have not filed a notice of appearance. The present action is one of those cases.

7. In over eighteen years of continuous practice, I have never been sanctioned nor disciplined by any court, state or federal. Only one sanctions motion has been lodged against me and that motion was denied. *Mahan v. Roc Nation, LLC*, No. 14 CIV. 5075 (LGS), 2016 WL 4718018, at *1 (S.D.N.Y. Sept. 9, 2016).

8. Mr. Liebowitz has, or has had, over 1000 clients, and I have represented only a fraction of those. The nature of my employment with LLF presents the opportunity to assist Mr. Liebowitz on cases where he serves as lead counsel. However, as a practical matter, I cannot file a notice of appearance on every case that Mr. Liebowitz has filed on behalf of his clients. Nor can I file a notice of appearance on every case where he requests my assistance with discovery, motion practice, *per diem* appearances, defaults or administrative matters. Mr. Liebowitz has filed over 650 cases this year alone, many of them out of Circuit.

**I am Not Attorney of Record in This Case**

9. In the present action, I have not filed a notice of appearance and I am therefore not counsel of record in this case. I was not counsel of record at any time during the alleged conduct which forms the basis of Vox's motion for sanctions.

10. I am not the signatory to any engagement letter with Bill Wisser and do not have a financial interest in the outcome of this proceeding. I do not have any authority to settle this action and do not make final decisions regarding settlement or disposition of this action.

11. In the eighteen cases filed by Mr. Liebowitz on behalf of Mr. Wisser, I have never filed a notice of appearance on behalf of Wisser in any one of his cases.

12. Throughout the pendency of this action, I have not personally maintained a calendar of discovery deadlines because I am not counsel of record. Mr. Liebowitz informs me of applicable deadlines when he needs my assistance.

13. While it is my ordinary practice to maintain handwritten notations of my billable time in cases where I am counsel of record, particularly in those cases where I serve as lead counsel, I did not maintain time records in this case because I am not counsel of record.

14. I appeared before the Court on September 19, 2019 to assist Mr. Liebowitz and LLF in defending against Vox's motion for sanctions. My appearance that day was on a *per diem* basis. I routinely make *per diem* court appearances in this District and the Eastern District on behalf of Mr. Liebowitz's clients who require coverage at court conferences, but without filing an official notice of appearance.

**My Participation in this Case**

15. Pursuant to Mr. Liebowitz's instructions, I served Mr. Wisser's written discovery responses on June 7, 2019.

16. Rule 26(g)(1) provides that "every discovery request, response, or objection must be signed by at least one attorney of record." Furthermore, Rule 26(g)(1)(A) provides that the effect of such signature is that the attorney is certifying that "with respect to a disclosure, it is complete and correct as of the time it is made."

17. Given that I was not attorney of record at the time that Mr. Wisser's initial discovery responses were served on June 7, 2019, I did not (and could not) sign any of the written responses to Vox's discovery requests. Accordingly, I did not (and could not) certify that Wisser's substantive responses were complete and correct as of the time they were made.

18. On June 7, 2019, I signed two certificates of service stating that I had served Plaintiff's written responses to Vox's discovery requests. Both of these certifications were and are correct: copies of the documents specifically referenced in those certificates of service were actually served upon defense counsel on the date indicated.

19. I am not aware of any authority – and Vox has not cited any – which holds that an attorney who signs a certificate of service also thereby certifies that the substantive responses contained in the underlying documents being served are complete and correct.

20. As indicated at the September 19 hearing, I did prepare a draft of Mr. Wisser's responses and objections to Vox's first set of interrogatories. However, I did not have the authority to conduct a final review of those responses and, again, did not and could not certify that document under Rule 26(g)(1).

21. I also indicated at the September 19 hearing that I communicated with Mr. Wisser telephonically in helping to prepare his discovery responses. However, upon conducting further investigation, I have not been able to verify that any telephone conversation with Mr. Wisser took place prior to June 7, 2019. It is plausible that the conversation I had was with one of LLF's research analysts, and it is equally plausible that I conflated this matter with another matter against Vox involving the identical opposing counsel, *Chevrestt v. Vox Media, Inc.*, 1:18-cv-11698-AT-GWG, which was proceeding through discovery simultaneously with this case. I was counsel of record in the *Chevrestt* matter.

4

22. On June 26, 2019, I served Plaintiff's first production of documents and then followed up with a supplemental production on June 27.

23. Between June 28, 2019 and August 13, 2019, I had no active involvement in this case, other than being cc'd on e-mails.

24. On August 15, 2019, I defended Plaintiff's deposition.

25. I thereafter took the depositions of defendant's two witnesses, Olee Fowler and Samantha Mason.

26. On Thursday, August 15, 2019, at 9:16 pm, I received an email from Ms. Strom, lead opposing counsel, directed to both Mr. Liebowitz and myself, requesting a meet-and-confer session regarding the present motion. Defense counsel wanted to meet on Friday, August 16. I informed Ms. Strom that I was unable to meet because I was in the midst of drafting a complex summary judgment motion. That motion was filed on August 16, 2019 in the matter of *Chevrestt v. Hearst Communications, Inc.*, 1:16-cv-05520-RA [Dkt. #s 46-50]. I was also unable to meet on Monday, August 19 because I was due to file a reply brief in another complex matter, *Zuma Press v Getty Images*, 16-cv-6110-AKH [Dkt. # 282].

27. As a result of my heavy involvement with dispositive motion practice, I informed opposing counsel that I would be able to meet-and-confer on Tuesday, August 20, 2019 at 1:00 p.m. When opposing counsel indicated that she would be traveling at that time, I e-mailed to let her know that I would make myself available at *any time* that day.

28. To the extent opposing counsel's affidavit is attempting to accuse me of delaying Vox's proposed meet-and-confer session, such accusation is unfounded. I respectfully submit that, particularly given my pre-existing briefing schedule, three business days to accommodate a

5

request to meet-and-confer on a proposed motion that does not request emergency relief is consistent with professional standards of courtesy and civility.

29.  When the meet-and-confer did take place, the topics of discussion were not limited to the interrogatory verification. Opposing counsel raised a whole host of alleged discovery infractions, as evidenced by Vox's principal memorandum. But when I pressed opposing counsel, Vox was unable to explain what prejudice it suffered as a result of those alleged violations. Given that all the documents Vox requested had been produced prior to Mr. Wisser's deposition, and given that Mr. Wisser had updated his interrogatory responses with a sworn verification, I was not persuaded that Vox's proposed motion was properly motivated. I commented that in all my years of practice, I had never seen a discovery motion filed based on harmless errors that had been fully cured prior to judicial intervention. I stated that Vox was more concerned with litigating "technical knick-knacks" than the merits of the case.

30.  To the extent opposing counsel has accused me of making light of Vox's accusations concerning the June 7, 2019 verification, such is not the case. At the September 19 hearing, I openly acknowledged that a mistake had been made concerning the verification. But I have also maintained that Vox's accusations of "forgery" and "fraud" are inflammatory in nature, not well-founded based on the surrounding circumstances, and not consistent with prevailing legal authority.

Respectfully Submitted:

Dated: October 24, 2019
New York, New York

**/s/jameshfreeman/**
JAMES FREEMAN