

November 6, 2019

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1106
New York, NY 10007

Re:  *Wisser v. Vox Media, Inc.*, 1:19-cv-01445 (LGS)

Dear Judge Schofield:

We represent Plaintiff Bill Wisser ("Plaintiff") in the above-captioned case and write to notify the Court of certain deficiencies in Plaintiff's opposition papers filed on October 24, 2019 [Dkt #s 45-48] and to respectfully request the appropriate relief.

**A.     Non-Compliance with Section III.B.3 of Court's Individual Rules**

Section III.B.3 of the Court's Individual Rules requires that each affidavit submitted in opposition to a motion is not to exceed 10 pages.  Also, each party is limited to a total of 15 exhibits (each not to exceed 15 pages).

Regretfully, we overlooked this rule when we filed our submission on October 24, 2019. Accordingly, Plaintiff's submission is non-complaint with Section III.B.3 in the following ways:

1) The declaration of Richard Liebowitz at Dkt. #47 is 13 pages, three pages over limit.
2) The aggregate number of exhibits filed is 19, four exhibits over limit.
3) Exhibits A, B, C, E and H to the declaration of Richard Liebowitz are in excess of 15 pages.

We apologize to the Court and Defendant for not strictly complying with Section III.B.3 and for not notifying the Court earlier.  We just realized our error upon reviewing the Court's Rules in connection with preparing courtesy copies.

**B.     Request for Relief**

For the following reasons, we respectfully request that the Court permit Plaintiff's opposition papers to be submitted "as is," despite the non-compliance with section III.B.3.



Liebowitz Law Firm, PLLC

    1)  With respect to the length of Mr. Liebowitz's declaration, the total number of declaration pages submitted are 9 (Wisser) + 13 (Liebowitz) + 6 (Freeman), or 28 pages total, which is less than the maximum number of pages (50) contemplated by the Court's rules. In addition, given the inflammatory nature of Defendant's accusations, the length of Mr. Liebowitz's declaration is justified to place the alleged conduct in perspective.

    2)  With respect to the aggregate number of exhibits filed (19 total), we believe it is important for the Court to see how discovery proceeded in a chronological and orderly fashion. The exhibits were segregated largely according to the dates upon which the documents were produced.  Although these exhibits can be consolidated in order to comply with Section B.3, we respectfully submit that they should remain segregated in order to demonstrate that Plaintiff dutifully and timely complied with his discovery obligations.

    3)  With respect to the number of pages filed per exhibit, Plaintiff respectfully submits that the total number of exhibit pages filed is 254 pages, which exceeds the 225 maximum contemplated by the Court's Rules.  Since Defendant claims that Plaintiff and his counsel "obstructed" discovery, we believe it is important for the Court to view the non-confidential documents produced by both sides during the course of litigation.  While Plaintiff could reduce the number of exhibit pages by re-filing upon Court's leave; the Court would then be deprived of the opportunity to see that Plaintiff dutifully and timely complied with his discovery obligations.

    Based on the foregoing, and particularly in light of the serious accusations that have been lodged by Defendant against an Officer of the Court, we respectfully request that the Court forgive Plaintiff's non-compliance with Section III.B.3 and permit the opposition papers to be submitted "as is."  In the alternative, Plaintiff respectfully requests Court's leave to re-file its opposition papers so as to comport with the Section III.B.2.

    We sincerely thank the Court for its consideration and apologize again for the error.

    Respectfully Submitted,

    **/s/richardliebowitz/**
    Richard Liebowitz

    *Counsel for Plaintiff Bill Wisser*