UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- x
BILL WISSER,                                          :
                                                      :        Case No. 1:19-cv-1445-LGS
                    Plaintiff,                        :
                                                      :        ECF Case
        - against -                                   :
                                                      :
VOX MEDIA, INC.,                                      :
                                                      :
                    Defendant.                        :
--------------------------------------------------------- x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION FOR SANCTIONS**


Rachel F. Strom
Caesar Kalinowski (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
Phone: (212) 489-8230
Fax:    (212) 489-8340
rachelstrom@dwt.com
caesarkalinowski@dwt.com
*Attorneys for Defendant Vox Media, Inc.*

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.    PRELIMINARY STATEMENT ....................................................................... 1

II.   ARGUMENT ................................................................................................... 2

    A.    Plaintiff Concedes All of the Ethical Violations Set Forth in the Sanctions Motion .................................................................................. 2

    B.    Plaintiff's Counsel Should Be Sanctioned for the Violations in Their Opposition ............................................................................................. 6

    C.    Dismissal Is Appropriate Here. ............................................................ 9

III.  CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Cerruti 1881 S.A. v. Cerruti, Inc.*,
  169 F.R.D. 573 (S.D.N.Y. 1996) ...............................................................................4

*Berger v. Imagina Consulting, Inc.*,
  7:18-cv-08956-CS (S.D.N.Y. Nov. 1, 2019) ..........................................................7, 10

*Nissan N. Am., Inc. v. Johnson Elec. N. Am., Inc.*,
  2010 WL 1790354 (E.D. Mich. 2010) ....................................................................3, 4

*Polaris Images Corp. v. CBS Interactive, Inc.*,
  2019 WL 5067167 (S.D.N.Y. Oct. 9, 2019) .............................................................4, 7

*Riddell Sports Inc. v. Brooks*,
  158 F.R.D. 555 (S.D.N.Y. 1994) ...............................................................................8

*Sands v. Bauer Media Grp. USA*,
  2019 WL 4464672 (S.D.N.Y. 2019) ..........................................................................5

*Shangold v Walt Disney Co.*,
  2006 WL 71672 (S.D.N.Y. 2006), *aff'd*, 275 F. App'x 72 (2d Cir. 2008) ..............10

*Warner Bros. Inc. v. Dae Rim Trading, Inc.*,
  877 F.2d 1120 (2d Cir. 1989).....................................................................................6

## Federal Statutes and Rules

28 U.S.C. § 1927 .............................................................................................................2

Fed. R. Civ. P. 1 ..............................................................................................................5

Fed. R. Civ. P. 16 ............................................................................................................2

Fed. R. Civ. P. 26 ............................................................................................................2

Fed. R. Civ. P. 34 ............................................................................................................8

Fed. R. Civ. P. 37 ............................................................................................................2

Individual Rule III.B.3. ...................................................................................................7

## Other Authorities

FORGERY, Black's Law Dictionary (11th ed. 2019) ....................................................3

Vox Media, Inc. ("Vox Media") respectfully submits this reply in further support of its motion for sanctions against Plaintiff William Wisser ("Wisser")[1] and/or his counsel.  Vox Media also now requests sanctions for the additional violations in Plaintiff's opposition papers.

## I.    PRELIMINARY STATEMENT

At the parties' pre-motion conference, this Court "urged" Plaintiff's counsel to file a "sworn affidavit with the response" to Vox Media's motion for sanctions, with "as much detail as you can muster" to explain why Plaintiff's counsel put their client's signature on a sworn interrogatory verification page without his knowledge. Dkt. 41 at 11.  Instead, in their response, Plaintiff's counsel conceded all of the facts that form the basis of this motion.  That is, they do not dispute that, among other things, they (1) placed their client's signature on a verification without his knowledge (2) did not discuss Vox Media's discovery requests with Plaintiff because they believe they can "anticipate" discovery requests before they are served, (3) certified and served discovery responses they admit were incomplete, (4) produced documents late in violation of this Court's scheduling order, and (5) did not even ask their client for relevant documents until well after the Court-ordered time to produce documents had passed.  For all of this, they believe a $100 sanction should suffice (or $750—they alternate between the two).  Opp'n at 4, 11.

Rather than take responsibility, Plaintiff's counsel has only compounded the problem by filing an opposition that itself violates another Court order and tries to deceive this Court about the deposition testimony in this case and the actions of Vox Media's counsel.  Luckily, in this instance, counsels' deception is belied by the evidence they themselves submitted with their papers.  *See infra* at 6-9.  But Vox Media should not be forced to respond to such baseless claims at all.

---

[1] Plaintiff's Opposition asserts that Defendant Vox Media violated the Court's Order by moving against Plaintiff himself, *see* Opp'n at 1 n.1, but Vox Media explicitly requested to file a motion for an order awarding sanctions against Plaintiff and/or his counsel.  Dkt. 24.  To the best of our knowledge, that request was not denied.

In its opening papers, Vox Media did not explicitly ask for dismissal of this suit, putting an appropriate sanction in this Court's hands.  But under these circumstances, where Plaintiff's counsel—with the backing of Plaintiff himself—doubles down about misleading the Court, makes light of forgery, willfully defies the Court's Orders, and refuses to comply with discovery obligations, the appropriate remedy to this prejudice is dismissal.

## II.    ARGUMENT

### A.    Plaintiff Concedes All of the Ethical Violations Set Forth in the Sanctions Motion

In its Motion, Vox Media requested sanctions against Plaintiff's counsel under Federal Rules of Civil Procedure 16(f), 26(g), 37(a), (b), & (d), 28 U.S.C. § 1927, and this Court's inherent authority, based on evidence that (1) Plaintiff had not signed the interrogatory verification that bears his name and purports to be under oath, (2) Plaintiff did not provide information for his discovery responses, (3) Plaintiff's Initial Disclosures and discovery responses were incomplete (even after supplementation), (4) Plaintiff produced documents late in violation of this Court's discovery order, and (5) Plaintiff's counsel had not even requested Plaintiff to search for relevant documents until months after the Court-ordered production deadline.

Despite the Court's admonition that Plaintiff's counsel should explain their actions and the alleged misconduct, counsel never denies or even addresses most of Vox Media's evidence. Instead, Mr. Freeman admitted that he prepared and served the interrogatory responses without authority to finalize them.  Freeman Decl. (Dkt. 48) ¶ 20.  And, although he specifically assured the Court that he "communicated ... telephonically" with Mr. Wisser to prepare the responses, he was not "able to verify that **any** telephone conversation with Mr. Wisser took place prior to" when the Interrogatory Responses were served.  *Id.* ¶ 21 (emphasis added).[2]  Unsurprisingly then,

---

[2] Despite Mr. Freeman's claim that he is not responsible for this case because he did not file an official notice of appearance, *id.* ¶ 9, he did formally appear on behalf of Mr. Wisser in three

Plaintiff's counsel do not deny that the responses were incomplete. Nor do counsel rebut Defendant's evidence that they placed Plaintiff's signature—which they apparently just took from Plaintiff's engagement agreement—on a verification page, pretending that Mr. Wisser signed it under oath even though he did not sign it, read the responses or requests, or provide information for them. *See* Wisser Decl. (Dkt. 46) ¶¶ 31, 33. In fact, Mr. Liebowitz admits that his practice is simply to "anticipate" discovery that will be served on his clients, rather than working with his clients to provide specific answers and responses to the discovery requests actually served in a case. Liebowitz Decl. (Dkt. 47) ¶ 50. And Mr. Liebowitz admits that he never serves verifications for interrogatories; apparently finding the requirement to do so "a trap." *Id.* ¶ 52. Plaintiff's counsel do not even attempt to address the evidence showing that they violated this Court's scheduling order by producing documents late and never asking Plaintiff to look for responsive documents until long after the production deadline had passed.

Mr. Liebowitz calls these violations "harmless" "hyper-technicalities," *id.* ¶ 18, and lists a number of excuses—none of which can save counsel from sanctions here.

***First***, counsel complain that they did not actually commit any forgery when they tried to pass off a verification page with what appeared to be—but was not—Plaintiff's signature. But the literal definition of forgery is "fraudulently making a false document or altering a real one to be used as if genuine," which is what happened here *Cf.* Opp'n at 2; FORGERY, Black's Law Dictionary (11th ed. 2019). If Mr. Liebowitz believes prejudice is required, Vox Media was clearly prejudiced by preparing for and taking Wisser's deposition based on incomplete information. [3]

---

separate depositions, *id.* ¶¶ 24-25, and admitted to preparing and signing a certificate of service for the fraudulent verification, *id.* ¶¶ 18, 20.

[3] Plaintiff cites to a single case, *Nissan N. Am., Inc. v. Johnson Elec. N. Am., Inc.*, 2010 WL 1790354, at *6 (E.D. Mich. 2010), to claim that courts will not sanction a party for serving a false verification. That case is wholly inapposite. While the court did not provide any factual

***Second***, to the extent Plaintiff's counsel claims that the Federal Rules provides a "safe harbor," Opp'n at 21, to amend their completely improper interrogatory responses, such a release would only apply if counsel themselves had supplemented the responses independently instead of waiting until after their duplicity was discovered, and then only doing so to save face. *See Cerruti 1881 S.A. v. Cerruti, Inc.*, 169 F.R.D. 573, 583 (S.D.N.Y. 1996) (awarding sanctions and denying sanctioned party's claim "that because they withdrew the disputed records, they have inflicted no serious harm on the fact-finding process" because "defendants did not withdraw the documents on their own. Rather, they waited until the falsity of the documents had been detected"). The issue in this case is that each and every violation here is one that Vox Media uncovered; Plaintiff's counsel never took it upon themselves to correct the record. Vox Media does know that Plaintiff's counsel has still refused to produce some documents that were called for and are in Plaintiff's control. *See infra* note 9. Vox Media cannot know what other violations may have occurred in this case or what other documents or information should have been produced. With that uncertainty, Plaintiff's counsel should not be able to rely on the Rules' safe harbor to avoid sanctions.

***Third***, counsels' excuse that "the alleged deficiencies amounted to [no]thing more than administrative failure and/or excusable neglect," Opp'n at 1, which "are merely symptoms of [counsels'] high volume practice," Liebowitz Decl. ¶ 7, has already been rejected by courts in this District. *See, e.g., Polaris Images Corp. v. CBS Interactive, Inc.*, 2019 WL 5067167, at *3 (S.D.N.Y. Oct. 9, 2019) (rejecting Mr. Liebowitz's argument "that he should not be subjected to sanctions on account of 'administrative errors'" because "given the frequency with which Mr.

---

background—the briefing in the case makes clear there was no allegation that the verification was forged. Defendant just sought a sanction in that case because it believed the signed interrogatories were evasive and incomplete. Johnson Elec. N. Am., Inc.'s Motion to Compel and for Sanctions, *Nissan*, 2:09-cv-11783 (E.D. Mich. Dec. 10, 2019), Dkt. 18.

Liebowitz commits 'administrative errors,' the undersigned is unconvinced that they are indeed good faith oversights"); *Sands v. Bauer Media Grp. USA*, 2019 WL 4464672, at *6 (S.D.N.Y. 2019) (rejecting Mr. Liebowitz's same argument and granting sanctions because "[a] 'mere oversight' that happens once or twice is one thing, [a] pattern of discovery and related abuse is quite another, and rings of deliberate indifference to an attorney's obligation to behave in a professional, responsible, and competent manner in each and every case he handles").

Mr. Liebowitz knows that the fact that he has filed too many cases does not exempt him from his obligations to abide by this Court's orders and the Federal Rules of Civil Procedure. *See Sands*, 2019 WL 4464672, at *6 (explaining to Mr. Liebowitz that "if the attorney has filed a deluge of cases, such that his workload is too great to discharge that obligation, the volume of cases must be reduced to a number that may be managed responsibly or the number of responsible and competent attorneys tasked with handling it must be increased"). Mr. Liebowitz obviously knows these excuses do not hold weight, but somehow asks this Court to buy them now. This Court should not do so.

*Fourth*, Plaintiff's counsel ask this Court to allow them to escape the consequences of their behavior because their client does not mind or because they believe Vox Media was not prejudiced. Opp'n at 11, 17 (citing Wisser Decl. ¶ 34). As a preliminary matter, Vox Media was clearly prejudiced by taking Mr. Wisser's deposition based on incomplete information and, more fundamentally, by litigating against counsel who will not play by the rules—forcing Vox Media to uncover each of their misdeeds one by one. As for Mr. Wisser's stance here, the Federal Rules were not enacted simply to protect Mr. Liebowitz's clients. The Federal Rules are meant to ensure the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. It would not be just to allow Mr. Liebowitz to forge his client's signature, violate court orders,

"anticipate" discovery rather than work with his clients to produce timely and complete discovery responses and, as detailed below, lie to this Court about the testimony in this case and the actions of Vox Media's counsel simply because his client claims he was not prejudiced. When an attorney "demonstrate[s] a blatant disregard of the rules and regulations which permit the judicial machinery to function smoothly" there is "[a]n obligation ... imposed on this Court to exercise its disciplinary powers to deter such happenings in the future." *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1128 (2d Cir. 1989). Plaintiff's counsel—and Plaintiff himself— are completely unrepentant. But that does not strip this Court of its obligation to sanction Plaintiff and his counsel for the many misdeeds that have occurred in this case.[4]

## B.    Plaintiff's Counsel Should Be Sanctioned for the Violations in Their Opposition

If the violations set forth in Vox Media's opening papers were not sufficient, Plaintiff's counsel must be sanctioned for the violations and deception in their opposition papers related to the motion at hand.

*First*, Plaintiff's opposition papers violate yet another Court Order. The Court's September 19 Order specifically directed "[t]he parties [to] follow the Court's Individual Rules concerning motions, including those concerning page limits[.]" Dkt. 33. Yet Plaintiff's counsel completely disregarded this warning—filing a thirteen-page declaration, *see* Liebowitz Decl., despite this Court's ten-page limit.[5]  Individual Rule III.B.3. Moreover, Plaintiff's opposition came with

---

[4] Plaintiff's counsel also repeatedly attempts to shift blame by referring to Vox Media as "a serial copyright infringer." Opp'n at 1, 11, 12 n.3; *see also* Liebowitz Decl. ¶¶ 14-17. Notably missing from the brief or Mr. Liebowitz's declaration, however, is any citation or instance showing that Vox Media (1) has been found liable for infringement against his clients or (2) has admitted to infringing his clients' works. That is for good reason—no such instance exists.

[5] Counsel only realized their error after Vox Media was forced to request that they provide courtesy copies of their papers so that we could comply with the Court's Rule. Reply Declaration of Rachel Strom ("Reply Decl.") ¶ 7.

nineteen exhibits, seven of which exceed fifteen pages[6] despite this Court's clear limit of fifteen exhibits per party "not to exceed 15 pages." *Id.* This is now the second order that Plaintiff's counsel has violated in this case. This Court should join the chorus of decisions sanctioning Mr. Liebowitz for his repeated failure to follow court rules and orders. *See* Mem. at 1, 6 n. 5 (collecting cases); *Berger v. Imagina Consulting, Inc.*, 7:18-cv-08956-CS (S.D.N.Y. Nov. 1, 2019), Dkt. 60 at *7, Reply Decl. Ex. D. (finding Mr. Liebowitz in contempt of court, and increasing sanctions to $500 a day for refusing multiple orders and ordering him to show cause "why he should not be incarcerated until such time as he complies with the above-described orders"); *Polaris Images Corp.*, 2019 WL 5067167, at *3.

**Second**, Mr. Liebowitz's claim—made in a sworn declaration—that Vox Media "conceal[ed]" a third-party public Facebook posting is completely false. Liebowitz Decl. ¶ 19. The posting at issue comes from Ariete's Facebook page, *id.* ¶ 29, Ex. G; but as Plaintiff's counsel's own exhibits prove, that posting was in fact referenced in Defendant's document production, which is annexed as Exhibit E to Mr. Liebowitz's Declaration. In its second production, Vox Media produced an email from Olee Fowler, the author of the article at issue, to the owners of Ariete explaining that the Photograph of Ariete's oysters "is currently" at issue "in a copyright dispute" and "is available here: https://www.facebook.com/arietemiami/photos/a.1524443794549975160354748663905/?type=3&theater." *See* Liebowitz Decl., Ex. E at 19 (VOX_000049). Ariete's reply email makes the location of the post even more clear by stating that Ms. Fowler's link "takes me to the Ariete

---

[6] *See* Wisser Decl., Exs. B, C; Liebowitz Decl., Exs. A, B, C, E, H-1, & H-2.

Facebook page." *Id.* at 22 (VOX_000052).[7]  Therefore, Mr. Liebowitz' sworn statement that Vox Media concealed the fact that the Photograph was available on Ariete's public Facebook page until Mr. Wisser's deposition is categorically false.

But even if Vox Media had not provided that information, Plaintiff's counsel do not explain how Vox Media improperly concealed or used this public third-party posting at Plaintiff's deposition.  "[T]here is no rule that a deponent may only be asked about that which is within his exclusive knowledge; the fact that information is publicly available does not place it beyond the bounds of a proper deposition." *Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 557 (S.D.N.Y. 1994).  Moreover, Vox Media could not have disclosed the screenshot of the public Facebook posting any earlier as it was not actually in Vox Media's possession until counsel for Vox Media took the screenshot in preparation of Plaintiff's deposition.  Reply Decl. ¶ 2; Fed. R. Civ. P. 34(a)(1) (requiring production of documents "in the responding party's possession, custody or control").  Contrary to Mr. Liebowitz's assertions, *see* Liebowitz Decl. ¶¶ 29-35, Vox Media's document production was complete as Vox Media cannot produce what it did not possess.[8]

*Third*, Mr. Liebowitz falsely claims—again in a sworn declaration—that at Mr. Wisser's "deposition, Vox revealed for the first time that it recklessly expropriated the Photograph from Ariette's [sic] Facebook account – *without* Ariette's [sic] or Wisser's permission."  Opp'n at 9 (citing Liebowitz Decl. ¶¶ 36-39); *see also* Liebowitz Decl. ¶ 21 (repeating the allegation).  That

---

[7] If that is not enough, as Plaintiff's own Complaint makes clear, Vox Media's article attributed the Photograph to "Ariete/Facebook," which also put Plaintiff on notice that the Photograph was available on Ariete's Facebook page.  Compl. Ex. B (Dkt. 1-2).

[8] Ironically, to this date, it is Plaintiff who has not produced copies of his own postings of the Photograph on his Facebook and Instagram pages—although they are in his control and were called for by Vox Media's document requests.  Strom Decl. Ex. B (Dkt. 37-2) (RFPs 4, 8, 15).  Thus, while production of these documents are still outstanding, Plaintiff's claim that he has fully supplemented his production is false.

is not true.  In fact, Ms. Fowler testified in her deposition that she had "no recollection of where the photo came from," and could not recall if it was distributed to her by Ariete.  Reply Decl. ¶ 6, Ex. C (Fowler Depo. at 22:15-22, 24:4-9, *see also* 19:12-14).  And, the transcript of Mr. Wisser's deposition proves that it was *Plaintiff himself*, not Vox Media, who speculated at Wisser's deposition that Vox Media's credit on the article for the Photograph to "Ariete/Facebook" "would tend to indicate that [Vox Media is] claiming that they got [the Photograph] from Ariete's Facebook page."  Reply Decl. ¶ 3, Ex. A (Wisser Depo. at 57:19-23).[9]  Thus, Mr. Liebowitz's claim that Vox Media's Interrogatory responses were "patently false or highly evasive" because they did not state that Vox Media "just ripped" the Photograph from Ariete's Facebook page, Opp'n at 9 (citing Liebowitz Decl. ¶¶ 23-27) is, yet again, false.[10]

## C.    Dismissal Is Appropriate Here

In sum, Plaintiff's counsel have attempted to deceive the Court through false allegations of withheld documents—trying to shift the blame to anyone but themselves.  That intentional deception only underscores why sanctions are truly required here.  And, in this case, it's not just

---

[9] Consistent with Mr. Wisser's speculation, Ms. Fowler also testified that while she does know where the Photograph was obtained from, based on her experience, the fact that the credit for the Photograph says "Ariete/Facebook," it is her understanding that the Photograph was obtained from Ariete's Facebook page.  Reply Decl. ¶ 6, Ex. C (Fowler Depo. at 23:5-24:24).  Ms. Fowler also testified that while Ariete had sent her images of the restaurant for her to use in her articles in the past, she cannot remember if Ariete distributed this Photograph to her in this instance.  *Id.* (Fowler Depo. 15:6-16:22, 24:4-9).

[10] Additionally, Mr. Freeman falsely swears under oath that when he learned that the undersigned would be on a plane at the exact time he would agree to meet and confer, he replied that he could meet anytime that day.  Freeman Decl. ¶ 27 ("When opposing counsel indicated that she would be traveling at that time, I e-mailed to let her know that I would make myself available at *any time* that day.").  As evidenced in the exhibit in Vox Media's original sanctions motion, on August 15, the undersigned informed Mr. Freeman she would be travelling at 1 pm on the Tuesday that Mr. Freeman agreed to meet.  Strom Decl. Ex. G (Dkt. 37-7).  He then reiterated he was only available "within 3 business days—Tuesday at 1pm," the exact time Vox Media's counsel could not meet.  *Id.*  It was not until August 20—5 days later—that Mr. Freeman emailed counsel that he could meet at another time that day.  Reply Decl. ¶ 4, Ex. B.

counsel:  Plaintiff Wisser's own declaration shows that he himself is willing to excuse his counsels' ethical violations and to continue using him again and again simply because Mr. Liebowitz gets good "results."  Wisser Decl. ¶¶ 24, 27.  Without dismissal, Vox Media will continue to have to fight Plaintiff for what it is owed, all the while doggedly verifying potentially false attestations and defending against continued impropriety.  While terminating sanctions in the first instance are rare, they are appropriate when "no sanction short of dismissal will suffice to deter future misconduct."  *Shangold v Walt Disney Co.*, 2006 WL 71672, at *5 (S.D.N.Y. 2006), *aff'd*, 275 F. App'x 72 (2d Cir. 2008).  Here, past sanctions and warnings have not had the intended effect of deterring Mr. Liebowitz's improper conduct.  *See Berger*, Reply Decl. Ex . D (finding Mr. Liebowitz in contempt, increasing sanctions and ordering him to show cause why he should not be incarcerated until he complies with court orders).  Mr. Liebowitz must be forced to understand that forgery and provably false claims submitted to the Court under oath are not "hyper-technicalities" without consequences.

## III.    CONCLUSION

Vox Media respectfully requests that this Court order monetary sanctions in the form of costs and fees, in addition to dismissal of this case, in recognition of Plaintiff and his counsels' misconduct and to deter Mr. Liebowitz's increasingly improper actions.

Dated: November 7, 2019                              Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ *Rachel F. Strom*
    Rachel F. Strom
    Caesar Kalinowski (*pro hac vice*)
    1251 Avenue of the Americas, 21st Floor
    New York, NY  10020-1104
    Phone: (212) 489-8230
    rachelstrom@dwt.com
    *Attorneys for Defendant Vox Media, Inc.*