UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
BILL WISSER,

               Plaintiff,

       - against -

VOX MEDIA, INC.,

               Defendant.
------------------------------------------------------------- x

Case No. 1:19-cv-1445-LGS

Hon. Lorna G. Schofield

**REPLY DECLARATION OF RACHEL F. STROM**

I, Rachel F. Strom, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an attorney admitted to practice before the courts of the State of New York and the Southern District of New York. I am a partner in the law firm of Davis Wright Tremaine LLP, counsel for Defendant Vox Media, LLC ("Vox Media") in the above-captioned matter.[1]

2. On August 7, 2019 at 4:04 PM (PST), in preparation for Plaintiff's deposition, Caesar Kalinowski, an associate on this case, created a screenshot of a posting that was on the public Facebook page for the Miami restaurant Ariete (the "Screenshot"). A copy of the Screenshot is attached as Exhibit G to the Declaration of Richard Liebowitz in this action. *See* Dkt. 47-7.

3. On August 15, 2019, I took Plaintiff's deposition on behalf of Vox Media. Attached as Exhibit A is a true and correct copy of pages 54 through 58 from the transcript of Plaintiff's deposition. As reflected on page 54 of the transcript, the Screenshot was introduced as Exhibit 10 at Mr. Wisser's deposition.

4. On Thursday, August 15, 2019, following Plaintiff's deposition, I e-mailed Plaintiff's

---

[1] Vox Media, Inc. is now Vox Media, LLC.

|    |    |
|----|----|
|    | counsel to request a meet-and-confer.  Mr. Freeman responded by reaffirming again that he would only make himself available at the exact time that I was travelling to a deposition Plaintiff noticed in Florida.  *See* Dkt. 37-7. |
| 5. | Thus, Mr. Freeman's sworn statement that he responded to my email by saying he would make himself available at any time is deceptive.  Freeman Decl. (Dkt. 48) ¶ 27.  Mr. Freeman did not actually agree to meet at a different time until August 20—five days later.  Attached as Exhibit B is a true and correct copy of Mr. Freeman's August 20 email to me. |
| 6. | On the evening of August 20, Mr. Freeman asked me to produce another copy of the Screenshot to him, which Caesar Kalinowski did that night. |
| 7. | On August 21, 2019, Plaintiff's counsel Mr. Freeman deposed Ms. Olee Fowler, who authored the article that contains the photograph at issue in this copyright suit.  Attached as Exhibit C is a true and correct copy of pages 15, 16, 19, and 22 through 25 from the transcript of Ms. Fowler's deposition. |
| 8. | On November 5, 2019, in accordance with this Court's individual practices, I emailed Richard Liebowitz to ask if he intended to send me the required copies of his opposition papers so that we could provide a full set of the parties' papers to the Court.  The next day, Mr. Liebowitz filed a request for this Court to "permit Plaintiff's opposition papers to be submitted 'as is,' despite the non-compliance" with this Court's Individual Rules.  *See* Dkts. 49, 50.  Mr. Liebowitz admitted that he read this Court's rules for the first time "in connection with preparing courtesy copies," which, in fact, I had asked if he planned to do. |
| 9. | Attached as Exhibit D is a true and correct copy of an order dated November 1, 2019 |

from the Honorable Cathy Seibel of the United States District Court for the Southern District of New York in the case captioned *Jason Berger v. Imaginia Consulting, Inc.*, No 18-cv-8956.

I declare under penalty of perjury, that the foregoing is true and correct.  Executed on this 7th day of November, 2019.

/s/ *Rachel F. Strom*
Rachel F. Strom
