# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
BILL WISSER,                                  :
                                              :   Docket No. 1:19-cv-1445-LGS
                Plaintiff,    :
                                              :
      - against -                     :
                                              :
VOX MEDIA, INC.,                              :
                                              :
                Defendant.    :
---------------------------------------------------------------- x

### DEFENDANT VOX MEDIA'S RESPONSE TO PLAINTIFF BILL WISSER'S FIRST SET OF INTERROGATORIES

Defendant VOX MEDIA, INC. ("Defendant") responds and objects to Plaintiff's First Set of Interrogatories as follows:

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.3 of the Local Civil Rules of the United States District Court for the Southern District of New York, Defendant VOX MEDIA, INC. ("Vox Media" or "Defendant"), by and through its undersigned attorneys, Davis Wright Tremaine LLP, hereby responds and objects to Plaintiff BILL WISSER's ("Wisser" or "Plaintiff") First Set of Interrogatories (the "Interrogatories") as follows.

### RESERVATION OF RIGHTS

In responding to the Interrogatories, Vox Media does not waive or intend to waive the attorney-client, work product, or any other privilege or immunity that otherwise would entitle it to refuse to produce the information or documents it provides, agrees herein to provide, or makes available for inspection and copying or to object to the use of such information or documents for any purpose, nor does Vox Media waive or intend to waive such privileges with respect to subsequent interrogatories or any other form of discovery.  Nor, in so responding, does Vox Media

States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules").

2. Vox Media objects to the Interrogatories to the extent that their scope exceeds the scope of discovery permitted under the Federal Rules or Local Civil Rules, including because they are not restricted to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents . . . ." Local Civil Rule 33.3.

3. Vox Media objects to the Interrogatories to the extent that they seek information that is privileged under law, whether under the attorney-client privilege, as attorney work product, under the common interest privilege, as material prepared in anticipation of litigation or trial, under the joint defense privilege, or under any other legally cognizable privilege.

4. In responding to these Interrogatories, Vox Media does not waive, and expressly reserves, all objections as to competency, relevance, materiality, and admissibility of the responses or subject matter thereof.

5. Vox Media objects to the definition of "records" as overbroad, vague, and ambiguous.

6. Vox Media reserves the right to correct, amend, modify, or supplement these responses from time to time and at any time in the future, as warranted by the circumstances.

**SPECIFIC RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1**:

Identify all uses of the Photograph by defendant and its affiliates, subsidiaries, and parent companies.

**RESPONSE TO INTERROGATORY NO. 1**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules. Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 2, 3, and 17 of Plaintiff's First Request for Production of Documents. Vox Media further objects to the term "uses" as vague and ambiguous. Vox Media further objects to this Interrogatory as overbroad to the extent that it seeks information about entities that are not parties to this case.

**INTERROGATORY NO. 2**:

Identify any Website and URLs from where defendant obtained the Photograph.

**RESPONSE TO INTERROGATORY NO. 2**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules. Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 1, 2, and 17 of Plaintiff's First Request for Production of Documents

**INTERROGATORY NO. 3**:

Identify all persons from whom defendant obtained the Photograph.

**RESPONSE TO INTERROGATORY NO. 3**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules. Vox Media further objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 1, 2, and 17 of Plaintiff's First Request for Production of Documents, as well as Interrogatory No. 2, above. Vox Media objects to the term "persons" as vague and ambiguous in the context.

Subject to and without waiving the foregoing general or specific objections, Vox Media identifies the following individuals and/or entities as having relevant information responsive to this Interrogatory:

**Olee Fowler**, who can be reached via Davis Wright Tremaine LLP.

**INTERROGATORY NO. 4**:

Identify all places of where defendant got the idea to use the Photograph.

**RESPONSE TO INTERROGATORY NO. 4**:

Vox Media objects to this Interrogatory on the grounds that it seeks to impose obligations beyond those required by Rule 33.3 of the Local Civil Rules.  Vox Media objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 1, 2, 3, 16, and 17 of Plaintiff's First Request for Production of Documents.  Vox Media further objects to this Interrogatory to the extent that it is not relevant to any party's claim or defense and on the grounds that its use of the phrases "all places" and "got the idea" is vague and ambiguous.

**INTERROGATORY NO. 5**:

Identify all persons who found, decided to use, and/or edited the Photograph.

**RESPONSE TO INTERROGATORY NO. 5**:

Vox Media objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 1, 2, 4, 16, and 17 of Plaintiff's First Request for Production of Documents, as well as Interrogatory No. 2 and 3, above.  Vox Media further objects to this Interrogatory to the extent that it is not relevant to any party's claim or defense as Vox Media did not edit the Photograph and the Complaint does not allege that Vox Media edited the Photograph. Vox Media further objects to this Interrogatory on the grounds that it is overbroad in seeking the

**INTERROGATORY NO. 11**:

Identify all persons with knowledge or information about defendant's attempts to secure the rights to the Photograph prior to their publication on the Website.

**RESPONSE TO INTERROGATORY NO. 11**:

Vox Media objects to this Interrogatory on the grounds that it is duplicative of and/or encompassed by Request Nos. 8, 9, 10, 11, 12, 17, and 27 of Plaintiff's First Request for Production of Documents.  Vox Media further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the work-product privilege, or any other applicable privilege.  Vox Media further objects to this Interrogatory on the grounds that it is overbroad in seeking the names of "all persons."  Instead, Vox Media will only provide the names of Vox Media's employees or agents that are sufficient to testify about the requested information.

Subject to and without waiving the foregoing general or specific objections, Vox Media identifies the following individuals and/or entities as having relevant information responsive to this Interrogatory:

**Olee Fowler**, who can be reached via Davis Wright Tremaine LLP.

**INTERROGATORY NO. 12**:

Identify the author(s) of the Website in which the Photograph appeared.

**RESPONSE TO INTERROGATORY NO. 12**:

Vox Media objects to this Interrogatory on the grounds that it is unintelligible as phrased. Vox Media further objects to this Interrogatory because the phrase "author(s) of the Website" is vague and ambiguous.

Civil Rules.  Vox Media further objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Interrogatory compared with its likely benefit.

Dated:  New York, New York

      May 9, 2019

                              Respectfully submitted,

                              DAVIS WRIGHT TREMAINE LLP

                              By:       /s/ *Rachel F. Strom*
                                          Rachel F. Strom

                                1251 Avenue of the Americas, 21st Floor
                                New York, NY  10020-1104
                                (212) 489-8230 Phone
                                (212) 489-8340 Fax
                                rachelstrom@dwt.com

                                *Attorney for Defendant Vox Media, Inc.*

## VERIFICATION OF DEFENDANT VOX MEDIA, INC.'S
## RESPONSES AND OBJECTIONS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to 28 U.S.C. § 1746, **Samantha Mason,** hereby declares and states:

1. I am Senior Director of Rights & Licensing for Vox Media, Inc., party to this action, and am authorized to make this Verification for and on its behalf.

2. I have read Defendant Vox Media, Inc.'s Responses and Objections to Plaintiffs First Set of Interrogatories and know its contents. With respect to those matters as to which I have personal knowledge, I affirm that such facts are true and correct. With respect to all other matters contained in the Responses, I am informed and believe that the matters stated therein are true and correct.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of May, 2019, at New York, New York.

*[signature]*

**Samantha Mason**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via email on the following counsel this 9th day of May, 2019:

Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY  11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Attorneys for Plaintiff*
BILL WISSER

By: _____/s/ *Rachel F. Strom*_____
         Rachel F. Strom