# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
BILL WISSER,
                Plaintiff,

       - against -

VOX MEDIA, INC.,

                Defendant.
---------------------------------------------------------------- x

Docket No. 1:19-cv-1445-LGS

### DEFENDANT VOX MEDIA'S RESPONSE TO PLAINTIFF BILL WISSER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Vox Media, Inc. ("Vox Media"), by and through its undersigned attorneys, Davis Wright Tremaine LLP, hereby responds and objects to Plaintiff Bill Wisser's ("Wisser" or "Plaintiff") First Set of Requests for Production ("Requests") as follows. Vox Media reserves the right to correct, amend, modify, or supplement its responses to these Requests at any time in the future as warranted by the circumstances.

### GENERAL OBJECTIONS

Vox Media objects generally to the Document Requests as set forth below. Each of the responses that follows is made subject to these objections. To the extent Vox Media responds to Requests to which it objects, such objections are not waived. In addition, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege.

1. Vox Media objects to the Requests to the extent they or the Definitions or Instructions contained therein seek to impose obligations beyond the scope permitted by the Federal Rules of Civil Procedure (the "Federal Rules") or the Local Rules of the United States

issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the Request compared with its likely benefit.

9. Vox Media objects to the definition of "records" as overbroad, vague, and ambiguous.

10. Vox Media objects to the extent that the Requests seek documents that were created more than five years before the filing of the lawsuit. Chambers Rule II.A.1(b).

11. A response that Vox Media will produce documents responsive to any individual Request does not imply that Vox Media has located any responsive document, but only that Vox Media will produce all such non-privileged documents that it locates through good faith efforts and reasonable diligence.

12. Vox Media's investigation is ongoing, and Vox Media specifically reserves the right to correct, amend, modify, or supplement its responses to the Requests at any time in the future, as warranted by the circumstances.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1

All records, documents and communications concerning defendant's discovery of the Photograph, including all communications to, from and between person or persons who first came across the Photograph.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Vox Media objects to this Request on the grounds that it is ambiguous in its use of the term "came across," and not relevant to any party's claim or defense or proportional to the needs of the case in that the Request calls for communications involving all persons who "first came across the Photographs" without any limitation, rather than specifically requesting documents from those

who are employed by or otherwise involved with Vox Media.  Vox Media further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product privilege, common interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege.

Subject to and without waiving the foregoing general or specific objections, Vox Media will produce any relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2**:

All records, documents and communications concerning defendant's decision to use the Photograph, including all communications to, from and between any person or persons who participated in the decision-making process to use the Photograph.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Vox Media objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product privilege, common interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege.

Subject to and without waiving the foregoing general or specific objections, Vox Media will produce any relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3**:

All records, documents and communications concerning other uses of the Photograph by defendant and any affiliate, subsidiary, or parent company of defendant.

displaying it on the Website." Vox Media further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product privilege, common interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 8**:

All records, documents and communications concerning defendant's efforts to identify the name of copyright holder, copyright owner and/or copyright author of the Photograph.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

Vox Media objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product privilege, common interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege.

Subject to and without waiving the foregoing general or specific objections, Vox Media will produce any relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9**:

All records, documents and communications concerning defendant's efforts to identify the name the photographer of the Photograph.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

Vox Media objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product privilege, common interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege. Vox Media further objects to this Request on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and the burden or expense of this Request compared with its likely benefit in that Plaintiff has not brought any claim arising out of Vox Media's attribution of the Photograph.

Subject to and without waiving the foregoing general or specific objections, Vox Media will produce any relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10**:

All records, documents and communications concerning defendant's efforts to contact the photographer of the Photograph prior to defendant's publication of the Photograph.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

Vox Media objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product privilege, common interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege. Vox Media further objects to this Request on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Request compared with its likely benefit to the extent this request calls for communications unrelated to the Photographs.

Subject to and without waiving the foregoing general or specific objections, Vox Media will produce any relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11**:

All records, documents and communications concerning defendant's efforts to license the Photograph.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

Vox Media objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product privilege, common interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege.

Subject to and without waiving the foregoing general or specific objections, Vox Media will produce any relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12**:

All records, documents and communications between defendant's counsel and any editor or journalist concerning publication of the Photograph prior to the Photograph's publication on the Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

Vox Media objects to this Request on the grounds that it seeks documents or information protected by the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 13**:

All records, documents and communications concerning defendant's internal policy, Standards & Practices, or other guidance for obtaining permission, consent or license to any copyrightable material and which were in effect at the time the Photograph was published to the Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**:

Vox Media objects to this Request on the grounds that it is vague and ambiguous.  Vox Media further objects to this Request on the grounds that it seeks documents or information protected by the attorney-client privilege, work-product privilege, reporter's privilege, or any other applicable privilege.

Subject to and without waiving the foregoing general or specific objections, Vox Media will produce any relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 35**:

All records, documents, statements, invoices and contracts which show that defendant has licensed Photograph for use on the Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**:

Vox Media objects to this Request on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Request compared with its likely benefit.  Vox Media further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product privilege, common interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege. Vox Media further objects to this Request on the grounds that it seeks confidential commercial, customer, and/or proprietary information.

Subject to and without waiving the foregoing general or specific objections, Vox Media will produce any relevant, non-privileged documents responsive to this Request in its possession, custody, or control about the Photograph at issue in this lawsuit.

**REQUEST FOR PRODUCTION NO. 36**:

All records, documents, statements, invoices and contracts which show that defendant has licensed Photograph for use on any website owned and operated by defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**:

Vox Media objects to this Request on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Request compared with its likely benefit.  Vox Media further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product privilege, common interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege. Vox Media further objects to this Request on the grounds that it seeks confidential commercial, customer, and/or proprietary information.

Subject to and without waiving the foregoing general or specific objections, Vox Media will produce any relevant, non-privileged documents responsive to this Request in its possession, custody, or control about the Photograph at issue in this lawsuit.

**REQUEST FOR PRODUCTION NO. 37**:

All records, documents, statements, invoices and contracts concerning defendant's licensing of Photograph via third-party stock photography agencies for use on the Website.

to the extent it seeks documents protected by the attorney-client privilege, work product privilege, common interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege.  Vox Media further objects to this Request on the grounds that it seeks confidential commercial, customer, and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 53**:

Job or intern postings that defendant uses to recruit interns, employees, or independent contractors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**:

Vox Media objects to this Request on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Request compared with its likely benefit.  Vox Media further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product privilege, common interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege.

Dated: May 9, 2019                         Respectfully submitted,

                                                         DAVIS WRIGHT TREMAINE LLP

                                                         By: _____ /s/ *Rachel F. Strom* _____
                                                              Rachel F. Strom
                                                              1251 Avenue of the Americas, 21st Floor
                                                              New York, NY  10020-1104
                                                             (212) 489-8230 Phone
                                                             rachelstrom@dwt.com
                                                             *Attorney for Defendant Vox Media, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via email on the following counsel this 9th day of May, 2019:

Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY  11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Attorneys for Plaintiff*
BILL WISSER

By: _____/s/ *Rachel F. Strom*_____
Rachel F. Strom