

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Rachel Strom**
(212) 402-4079 tel
(212) 489-8340 fax

rachelstrom@dwt.com

**March 9, 2020**

**VIA ECF**

**Honorable Lorna G. Schofield, U.S.D.J.**
**United States District Court for the Southern District of New York**
**Thurgood Marshall United States Courthouse**
**40 Foley Square Courtroom 1106**
**New York, NY 10007**

      Re:    *Wisser v. Vox Media, Inc.*
               Docket No. 1:19-cv-1445-LGS

Dear Judge Schofield:

      Defendant Vox Media, Inc. ("Vox Media") respectfully writes to inform this Court of additional conduct from Plaintiff's counsel, Richard Liebowitz, that this Court may find relevant as it considers Vox Media's pending sanctions motion against Plaintiff and his counsel (the "Sanctions Motion").  *See* Dkt. 51 (seeking sanctions for, among other things, forging Plaintiff's signature on an interrogatory verification where Plaintiff had not seen the interrogatories or its responses).  Specifically, Mr. Liebowitz has now attempted to pressure Vox Media into settling this matter before this Court rules on the pending Sanctions Motion—and has even threatened that he will refuse to engage in *any* settlement negotiations after this Court rules on this motion.  Vox Media respectfully submits that this improper conduct only strengthens its pending Sanctions Motion.

      On March 2, 2020, Mr. Liebowitz called me to discuss settlement in this and other matters.[1] As the Court has yet to rule on the fully-briefed Sanctions Motion, I told Mr. Liebowitz that settlement discussions in this case should wait until after a ruling.  Mr. Liebowitz, however, would not agree to postpone settlement discussions.  To the contrary, he demanded $5,000 from Vox Media to settle and said that if Vox Media refused to settle the case now—before the Court could rule on the Motion—he would make this case "go all the way to judgment" and then seek an award of *his* fees for Vox Media wasting the Court's time.  Importantly, this new offer from Mr. Liebowitz actually demanded significantly *more* from Vox Media than his firm's previous settlement offers.  And Mr. Liebowitz's only rationale for raising his offer was:  "circumstances change."

---

[1] "[T]he reference to settlement offers or discussions in the context of the sanctions motions is not a violation of Fed. R. Evid. 408."  *Gruner + Jahr Printing & Pub. Co. v. Damian Music*, 2001 WL 936296, at *6, n.19 (S.D.N.Y. 2001).  *See also In re Fisher*, 908 F. Supp. 2d 468, 472–73 (S.D.N.Y. 2012) (where a statement is "not offered to prove the validity or amount of any civil … claim" but rather "to prove a violation of a rule governing a lawyer's conduct, … courts have considered evidence falling under Rule 408(a) in the context of a sanctions motion").

March 9, 2020
Page 2

Although Vox Media and its counsel would prefer to avoid bringing additional issues to the Court, Mr. Liebowitz's conduct here—attempting to force an unreasonable settlement by threatening additional and unnecessary litigation—is in line with his demonstrated practice of trying to avoid the results of a pending sanctions motions by settling or dismissing the underlying case. *See, e.g.*, *Sands v. Bauer Media Grp. USA, LLC*, 2019 WL 6324866, at *2, n.1 (S.D.N.Y. 2019) (noting that "perhaps the decision to voluntarily dismiss his client's lawsuit [was] designed to avoid discovery of the fact that [Mr. Liebowitz] had made a false statement to Judge Seibel in the first place"); *Rice v. NBCUniversal Media, LLC*, 2019 WL 3000808, at *4 (S.D.N.Y. 2019) (rejecting Mr. Liebowitz's claim that his letter "requesting adjournment of the conference six minutes after filing the stipulation of dismissal" prohibited sanctions as "unpersuasive and … disingenuous"); *Steeger v. JMS Cleaning Servs., LLC*, 2018 WL 1363497, at *1 (S.D.N.Y. 2018) (rejecting Mr. Liebowitz's argument that the court may not issue a Show Cause Order as to sanctions "after the parties have settled their claims").

In this case, at the parties' pre-motion conference, this Court found Vox Media's Sanctions Motion to be sufficiently serious as to stay the case in its entirety so that the Court could rule on the Motion. Mr. Liebowitz should not be allowed to make an end run around this Court's stay by threats predicated on refusal to engage in any settlement discussions after the Court rules on the Motion. Indeed, if this Court does not issue terminating sanctions here, Mr. Liebowitz's threat—to take a single-photograph infringement claim "all the way to judgment"—would seem to be yet another violation of the law and New York's ethical rules. *See, e.g.*, 28 U.S.C. § 1927; RPCs 1.7(a)(2) ("a lawyer shall not represent a client if … there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own … personal interests"); 3.1(b)(2) (a lawyer shall not engage in "conduct [that] has no reasonable purpose other than to delay or prolong the resolution of litigation"), 3.2 ("a lawyer shall not use means that have no substantial purpose other than to delay or prolong the proceeding or to cause needless expense"), and 3.4(a)(6).

Thus, Mr. Liebowitz's latest conduct further supports Vox Media's argument that terminating sanctions here are the only means to fully address Mr. Liebowitz's improper conduct. His threat to continue litigation at all costs if Vox Media does not immediately settle this case only shows that all of the past sanctions that have been imposed on him—from continuing education to six-figure monetary awards—were insufficient. Accordingly, Vox Media respectfully requests that this Court consider Ms. Liebowitz's latest threat as the Court decides the pending Sanctions Motion.

Vox Media thanks the Court for its consideration of this matter.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: ___/s/ Rachel F. Strom___
        Rachel F. Strom|

*Attorneys for Defendant Vox Media, Inc.*