

11 SUNRISE PLAZA, STE. 305
VALLEY STREAM, NY 11580
(516) 233-1660
WWW.LIEBOWITZLAWFIRM.COM

March 10, 2020

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Wisser v. Vox Media, Inc.,* 1:19-cv-1445 (LGS)

Dear Judge Schofield:

We represent Plaintiff Bill Wisser ("Plaintiff") in the above-captioned case. We write in opposition to the letter from Defendant Vox Media ("Defendant" or "Vox"), dated March 9, 2020. [Dkt. #60] Defendant's letter is a bad faith attempt to supplement its reply brief in violation of the Court's Rules and in contravention of the Federal Rules of Evidence. Moreover, Defendant's request to consider the parties' alleged settlement negotiations as an additional component of the pending motion for sanctions should be DENIED.

**Point I:**   **The Court Should Strike Docket # 60 From the Record on Grounds that It Violates FRE 408 and Rule III.B.1 of the Court's Individual Practices**

Docket #60 should be stricken in its entirety because it improperly seeks to admit evidence on the record that is foreclosed by Fed.R.Evid. § 408, which proscribes the evidentiary admission of statements made during the course of settlement negotiations. *See Pierce v. F.R. Tripler & Co.,* 955 F.2d 820, 826-27 (2d Cir.1992) (finding settlement offer inadmissible); *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.,* 865 F.2d 506, 510 (2d Cir.1989) (holding that settlement documents could not be used in opposing summary judgment motions); *Atronic Int'l, GmbH v. SAI Semispecialists of Am., Inc.*, No. 03-cv-4892(JFB)(MLO), 2006 WL 2654827, at *6–7 (E.D.N.Y. Sept. 15, 2006) (a promise to accept consideration to compromise the full extent of a claim "falls within the ambit of the plain language of Rule 408"). Here, by Defendant's own admission, the offer was made to settle the full extent of Plaintiff's infringement claim against Vox, so the alleged statements are inadmissible under FRE 408.

Rule III.B.1 of the Court's Rules of Individual Practices limits reply briefs to ten pages. Here, Defendant already filed a reply brief in further support of its motion for sanctions which amounted to ten pages. [Dkt. #51]. Defendant should not be permitted to circumvent the Court's Rules by unilaterally filing an additional brief in further support of a fully submitted motion. Defendant did not seek the Court's leave to provide further argumentation as to why the Court



Liebowitz Law Firm, PLLC

should dismiss Plaintiff's meritorious infringement claim - *with* prejudice - as a sanction for a fully cured discovery defect. Nor did Defendant initiate a new motion (or provide any legal grounds as why a separate motion would be warranted based on the facts alleged).

Indeed, Defendant's novel request for "terminating sanctions" is improper because neither Defendant's notice of motion for sanctions [Dkt. #35] nor its principal brief in support [Dkt. #36] requested dismissal of the lawsuit. Instead, Defendant's principal brief "ask[ed] this Court to grant sanctions against Mr. Liebowitz in the form of (1) Vox Media's attorneys' fees incurred in discovery thus far, (2) an order compelling Plaintiff to appear for a second deposition to address the new responses in his interrogatories, and (3) any other sanctions that the Court may deem appropriate to deter future misconduct." [Dkt. #36, p. 21] Defendant should not be permitted to seek alternate relief on reply or via an unauthorized supplemental letter brief. *Playboy Enter., Inc. v. Dumas*, 960 F. Supp. 710, 720 n. 7 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 1347 (2d Cir. 1998) (holding that the court "need not consider" arguments raised for the first time on reply). Moreover, Vox - a recidivist copyright pirate - should not be permitted to escape infringement liability based on a cured discovery deficiency. *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (dismissal "is a drastic remedy that should be imposed only in extreme circumstances.").

**Point II:**    **As A Matter of Second Circuit Jurisprudence, the Parties Are Encouraged to Engage in Settlement Discussions *At All Times***

Plaintiff's reasonable offer to settle his infringement case at this juncture – or any other juncture - is both proper and consistent with long-standing Second Circuit law. *Davis v. Blige*, 505 F.3d 90, 104 (2d Cir. 2007) (noting in a copyright infringement case, that "courts favor the policy of encouraging voluntary settlement of disputes") (*quoting ABKCO Music, Inc. v. Harrisongs Music, Ltd.,* 722 F.2d 988, 997 (2d Cir.1983); *see also BWP Media USA, Inc. v. Mishka NYC LLC*, No. 13-cv-4435 (ENV)(LB), 2016 WL 8309676, at *4 (E.D.N.Y. Dec. 28, 2016) ("[w]hen a plaintiff brings and open and shut copyright infringement action, both parties should be highly motivated [to] resolve the case early on."); *In re Tamoxifen Citrate Antitrust Litig.,* 466 F.3d 187, 203 (2d Cir.2006) ("The general policy of the law is to favor the settlement of litigation, and the policy extends to the settlement of patent infringement suits.") (quotation omitted); *TBK Partners, Ltd. v. Western Union Corp.,* 675 F.2d 456, 461 (2d Cir. 1982) (noting the "paramount policy of encouraging settlements"). Here, the parties have been continually engaged in settlement discussions from the outset of the case. Defendant has failed to explain why Plaintiff or his counsel should be sanctioned for attempting to resolve this matter.

**Point III:**    **Plaintiff Would Like to Settle the Matter in Good Faith**

Defendant appears to fault both Plaintiff and his counsel for seeking to settle the case. But Defendant has sought monetary sanctions against both Plaintiff and his counsel in the form of attorneys' fees expended during all of discovery (likely in the *tens* of thousands of dollars). [Dkt. #35, notice of motion seeking sanctions against Plaintiff in his individual capacity]. There is nothing improper, therefore, about Plaintiff trying to resolve this matter.



**Point IV:** **Plaintiff's Goal to Prosecute a Serial Copyright Pirate to Final Judgment is Consistent with the Purpose of the Copyright Act**

Defendant's argument that it is improper for Plaintiff to take Defendant to final judgment should be rejected. Vox Media is a serial infringer which has been sued for copyright infringement at least ten times in the last four years. Indeed, this marks the second time that Plaintiff has sued Vox for stealing his work. Ultimately, Vox should be brought to justice for its repeated violations of constitutional and federal law. *See, e.g., Crown Awards, Inc. v. Disc. Trophy & Co.*, 564 F. Supp. 2d 290, 295 (S.D.N.Y. 2008), *aff'd*, 326 F. App'x 575 (2d Cir. 2009) ("The Copyright Act's principal purpose is to encourage the origination of creative works by attaching enforceable rights to them" and noting that meritorious claims "help demarcate the boundaries of copyright law . . . as clearly as possible in order to maximize the public exposure to valuable works.") (internal quotations and citations omitted); *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (public interest can only be served by upholding copyright protections, thus preventing misappropriation of skills, creative energies, and resources invested in protected work).

Here, Plaintiff's prosecution of his meritorious infringement action against Vox will vindicate the public interest, deter infringers and develop copyright law. Plaintiff's motivation to continue this lawsuit, if necessary, is therefore proper.

**Point V:** **Defendant's Proposed Motion to Disqualify Plaintiff's Counsel on Grounds of an Attorney-Client Conflict of Interest is Not Ripe Because Defendant Has Failed to Identify any *Present* Conflict**

Defendant's proposal to disqualify Plaintiff's counsel on grounds that, at some point in the unknown future, Plaintiff may elect to prosecute Vox to final judgment, should be rejected. Defendant has failed to allege any *present* conflict-of-interest which may exist between Plaintiff and his attorney, both of whom are exposed to financial liability on Defendant's pending motion for sanctions. The interests of Plaintiff and his counsel remain aligned: both oppose the sanctions motion and seek to resolve this matter expediently and without exposure to financial liability. If a conflict arises in the future, and assuming the conflict is non-waivable or Plaintiff otherwise declines to waive such conflict, then Defendant can move to disqualify counsel at that juncture.

In short, Defendant has failed to identify any improper conduct by Plaintiff or his counsel relating to the parties' on-going settlement negotiations. Accordingly, Defendant's additional letter brief should be STRICKEN and/or its prayer for relief DENIED.

Respectfully submitted,

**s/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff*